ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHARLES N. BENDES, ESQ. (Bar No. 70126)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
KORNFIELD, NYBERG, BENDES & KUHNER, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

Attorneys for A.F. Evans Company, Inc., Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** | **Case No. 09-41727 EDJ** |
| **A.F. EVANS COMPANY, INC.,** | **Chapter 11** |
| **Debtor.** | **SECOND AMENDMENT TO STIPULATION REGARDING CASH COLLATERAL AND ADEQUATE PROTECTION** |

This Second Amendment to Stipulation Regarding Cash Collateral and Adequate Protection (this "Amendment") is dated as of April 15, 2009, and is entered into by and between the debtor in the above-captioned Chapter 11 case, A. F. Evans Company, Inc., a California corporation (the "Debtor"), and City National Bank, a national banking association ("CNB").

<u>RECITALS</u>

A.     On March 5, 2009 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") commencing this case, and since the Petition Date, the Debtor has continued in possession of its property and is managing its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.     The Debtor and CNB are parties to a Stipulation Regarding Cash Collateral and Adequate Protection dated as of March 6, 2009, as amended by an Amendment to Stipulation

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Regarding Cash Collateral and Adequate Protection dated March 9, 2009 (as amended, the "Stipulation"). Capitalized terms used herein and not otherwise defined have the meanings ascribed in the Stipulation.

C. The Bankruptcy Court presiding over the Debtor's bankruptcy case conducted an interim hearing on the Stipulation on March 12, 2009, at which time the Bankruptcy Court approved the Stipulation on an interim basis pending a further interim hearing on April 2, 2009, subject to certain clarifications and reservations of right as are set forth in the Court's Order approving the Stipulation, signed March 27, 2009.

D. As relayed to the Court at the further interim hearing on April 2, 2009, the Debtor defaulted under the Stipulation by reason of its failure, by or before March 31, 2009, either to have closed the "Pending Reliant Sale" (as defined in the Stipulation) or to have become entitled to the extension of time for such sale pursuant to Section 10 of the Stipulation. As further relayed to the Court at the April 2, 2009 hearing, CNB and the Debtor reached a short-term agreement by which CNB consented to the Debtor's use of Cash Collateral for certain limited purposes and for a limited period of time extending until the Court's further continued hearing scheduled for April 16, 2009 (the terms of such agreement being more fully set forth in the form of agreed order approved by counsel for the Debtor, the Committee and CNB and submitted to the Court by the Debtor on or about April 6, 2009).

E. On the terms set forth below, the Debtor and CNB desire to further amend the Stipulation to accommodate Debtor's continued use of Cash Collateral beyond the April 16 hearing date. In the manner and subject to the terms set forth below, this Amendment permits the Debtor's use of Cash Collateral, potentially, through June 30, 2009, and this Amendment eliminates all deadlines for the Debtor to achieve any one or more sales of interests in development partnerships (and in particular, this Amendment eliminates the deadlines for contracting and closing the "Pending Reliant Sale" and the "Projected Reliant Sale").

F. Upon approval by the Bankruptcy Court, the terms of this Amendment shall be binding upon CNB.

**WHEREFORE**, the parties hereby stipulate and agree as follows:

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

AGREEMENT

1.      **Amendment and Restatement of Budget; Amendment of Section 2.**      The budget attached to the Stipulation is hereby amended and restated by the revised budget attached hereto as **Exhibit A,** and all references in the Stipulation to the "Budget" shall refer to the attached revised budget.  Subject to the terms of this Stipulation, and effective only upon the entry of an interim or final order of the Bankruptcy Court approving this Amendment on terms consistent with this Amendment and the revised Budget and approved by CNB, CNB consents to the Debtor's use of Cash Collateral as contemplated in the revised Budget for the limited period of the "Term" defined in Section 8 of the Stipulation (as revised below) and strictly on the terms set forth in the Stipulation, and the Debtor is authorized to use CNB's Cash Collateral consistent therewith, for the purposes set forth in Section 2 of the Stipulation.  Section 2 of the Stipulation is hereby amended to conform to the foregoing.  Section 2 of the Stipulation is hereby further amended by deleting the reference to "the fees and expenses of professionals for the Debtor" and substituting in lieu thereof "the fees and expenses of professionals for the Debtor and professionals for the Committee."

2.      **Restatement of Section 7(c).**      Section 7(c) of the Stipulation is amended and restated as follows:

          "(c)      **Remittance of Sale Proceeds.**  Without regard to whether such transactions close before or after the conclusion of the Term, the Debtor shall remit or cause to be remitted to CNB, for application by CNB to the Obligations, in such order and manner as CNB may elect, payment representing a portion of the gross proceeds received by the Debtor from the sales of partnership interests of the Debtor, or from the sale of other assets of Borrower, as follows:

                    (i) The Debtor shall remit sale proceeds to CNB at the time, to the extent, and on the conditions contained in the Court's "Order Granting Motion to Sell and Assign Partnership Interest" entered on April 9, 2009 ("Plaza Sale Order");

                    (ii) except in connection with the disposition addressed by the immediately

preceding sub-clause (i), the Debtor shall remit to CNB a sum representing 87.50% of the proceeds of all "Ownership Dispositions" (as defined in the Forbearance Agreement), as and when received by the Debtor; and

(iii) the Debtor shall remit to CNB a sum representing 50% of all "Net Asset Sales Proceeds" (as defined in the Forbearance Agreement) as and when received by the Debtor."

3.  <u>Restatement of Sections 8 and 9; Deletion of Section 10</u>.  Sections 8 and 9 of the Stipulation are amended and restated, and Section 10 shall be deleted, as follows:

"8.  <u>Limited Duration</u>.  Unless extended by CNB in writing (including on such other or additional terms as CNB may require, including entry of an order by the Court approving a new Cash Collateral stipulation), CNB's consent to use of Cash Collateral hereunder shall end, and except as provided below in this Section 8, the Debtor shall no longer be authorized pursuant hereto to use CNB's Cash Collateral, on the first to occur of the following (the period from the commencement of this Stipulation to the earliest of the following to occur, the "Term"):

(a)  5:00 p.m. Pacific Standard Time on June 30, 2009; or

(b)  with respect to an Event of Default under any of the provisions of Section 9(a) or 9(b), immediately upon the occurrence of such Event of Default; or

(c)  with respect to an Event of Default under any of the provisions of Sections 9(c) through 9(k), upon CNB's termination of the Term pursuant to Section 17(a) below.

Notwithstanding the foregoing, any checks issued or other payments initiated by the Debtor prior to conclusion of the Term and in amounts consistent with the Budget and this Stipulation shall be paid and honored in the ordinary course, if, as and when presented."

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

"9.  Event of Default.  The occurrence of any of the following shall constitute an Event of Default:

(a)  The Debtor fails to remit to CNB sale proceeds when and to the extent required by the Plaza Sale Order as required by Section 7(c)(i) above, or fails to remit to CNB the proceeds of "Ownership Dispositions" or "Net Asset Sales Proceeds" as and when received by the Debtor, to the extent required by Section 7(c)(ii) and Section 7(c)(iii) above;

(b)  The Debtor fails timely to remit to CNB the monthly adequate protection payments required by Section 7(d);

(c)  If any interim or final order approving this Stipulation is reversed, modified, or vacated without the consent of CNB;

(d)  The Debtor fails to comply with the Budget in any material respect;

(e)  The Debtor shall breach any term or provision of this Stipulation in a material way;

(f)  The Debtor shall use Cash Collateral for any purpose or in any amount not permitted hereunder;

(g)  The Debtor shall commence an action against CNB seeking to invalidate or setoff the debt asserted by CNB or to recover damages from CNB;

(h)  Any postpetition lender to the Debtor shall acquire a postpetition security interest in or lien upon any property of the Debtor having priority over the security interests and liens in such property held by CNB;

(i)  The bankruptcy case shall be dismissed or converted to a case under chapter 7 of the Bankruptcy Code, or a Chapter 11 trustee shall be appointed for the Debtor;

(j)  The automatic stay is lifted with respect to a material portion

{P1964\0004\00468869.DOC.V3}

of the Collateral of CNB; or

(k)     An order of the Bankruptcy Court is entered which terminates the authority of the Debtor to conduct business."

"10.    [Intentionally Deleted.]"

4.     Restatement of Section 17(a).  Sub-paragraph (a) of Section 17 of the Stipulation is amended and restated as follows:

"(a)     Upon the occurrence of any Event of Default under any of the provisions of Section 9(a) or 9(b), the Term for the Debtor's use of Cash Collateral shall immediately terminate as provided in Section 8 above.  Upon the occurrence of any Event of Default under any of the provisions of Section 9(c) through 9(k), CNB may send notice to counsel to the Debtor or to any trustee appointed in this case, and to counsel for the Official Unsecured Creditors Committee appointed in the Debtor's bankruptcy case ("Committee"), that CNB withdraws its consent to the Debtor's use of Cash Collateral.  Upon the delivery of such notice to counsel to the Debtor or to any trustee appointed in this case, and to counsel for the Committee, the Term shall immediately terminate as of the close of business on the second (2nd) business day following such notice."

5.     Amendment of Section 23.   Section 23 of the Stipulation is hereby amended, to the limited extent as follows:

(a) upon entry of any order by the Bankruptcy Court approving this Amendment (whether interim or final), the Debtor will be deemed to have waived any right to challenge, attack, set aside, or avoid the validity, priority, or perfection of the security interests asserted by CNB or to contest the enforceability of the debts owed to CNB, and the first sentence of Section 23 is hereby amended to conform to the foregoing; and

(b) the date by which an Interested Party may file an action or proceeding as contemplated by Section 23 shall be June 3, 2008 (i.e., 90 days after the Petition Date), and the second sentence of Section 23 is hereby amended to conform to the foregoing.

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

{A964\ 0002\ 00468869.DOC \ 5}

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

6.  **Amendment of Section 25.**   Section 25 of the Stipulation is amended as follows:

(a)     The first paragraph of Section 25 of the Stipulation is hereby amended and restated as follows:

"CNB subordinates its prepetition and postpetition security interests and liens, and its prepetition and postpetition claims and priority claims (including any superpriority claims), to the payment of the following expenses (collectively, the "Carve-Out"):

(a)     Statutory fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930;

(b)     Fees payable to the Clerk of the Court;

(c)     The fees and expenses of professionals for the Debtor and for the Committee, up to the amounts specified in the Budget; and

(d)     The fees and expenses of any chapter 7 trustee appointed in this case and such trustee's professionals."

(b)     The second paragraph of Section 25 of the Stipulation is hereby amended to clarify that the fees and expenses incurred by the Committee's professionals in investigating the extent, validity and enforceability of CNB's liens and claims, as distinguished from fees or expenses incurred in connection with an affirmative challenge, action, assertion or other act described in the paragraph, are not within the scope of such paragraph and are not excluded from the Carve-Out.

7.  **Additional Provisions of Stipulation.**   The following additional provisions are amended into the Stipulation and made a part thereof:

(a)     **Deposit Accounts.**   The Debtor acknowledges that the Prepetition Loan Documents required Debtor to maintain all deposit accounts at CNB.   The Debtor represents and warrants to CNB that all of its deposit accounts are presently maintained at CNB with the sole exception of a single deposit account in the Debtor's name at Comerica Bank (the "Comerica Account").   The Debtor represents and warrants to CNB that the Debtor opened the Comerica Account postpetition to replace what had been the only

Case: 09-41727   Doc# 105   Filed: 04/16/09   Entered: 04/16/09 10:10:10   Page 7 of 12
{1964\0007\00468869.DOC.V1}

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

prepetition deposit account of the Debtor maintained other than at CNB; specifically, a prepetition checking account at the Bank of San Francisco. The Debtor shall, as soon as practicable, close the Comerica Account and transfer all remaining funds therein to an existing or newly-established debtor-in-possession deposit account at CNB, and the Debtor agrees thereafter at all times (unless and until the Loan shall have been repaid in full), to maintain all of its deposit accounts at CNB as required by the Prepetition Loan Documents. The Debtor represents and warrants to CNB that all funds on hand in the Bank of San Francisco account as of the Petition Date have already been used by the Debtor postpetition, and as further adequate protection to CNB and to induce CNB's consent to the Debtor's use of Cash Collateral, all such funds are hereby deemed to have already been used by the Debtor postpetition.

(b)    Reporting. The Debtor shall, semi-monthly, deliver to counsel for CNB and counsel for the Committee a written report reflecting the Debtor's actual receipts and disbursements, by category, as compared to the categories of receipts and disbursements reflected in the Budget.

(c)    Preservation of Collateral. The Debtor agrees, during the Term, to remain current on all postpetition obligations of the Debtor, the non-payment of which might reasonably be expected to impair the value of CNB's Collateral or its lien rights in respect thereof, including, without limitation, payment of taxes the non-payment of which might give rise to "priming" liens impairing the priority of CNB's lien rights in the Collateral.

(d)    Continuation of Sales Efforts. The Debtor agrees to continue good faith efforts during the Term to market actively for sale the Debtor's membership interests in limited liability companies, general and limited partnership interests in limited partnerships, and other ownership interests in entities constituting Collateral of CNB, to a degree substantially consistent with its efforts during the term of the Forbearance Agreement. The Debtor agrees to provide to CNB and to the Committee periodic status updates of the Debtor's sale efforts and any developments with respect thereto.

(e)    CNB Protected by Interim Order. At the continued hearing on April 16,

2009, the Debtor shall request entry of an order of the Bankruptcy Court acceptable in form and substance to CNB approving the Stipulation, as amended by this Amendment, pursuant to Bankruptcy Rule 4001(d).  If the Bankruptcy Court approves the Stipulation, as amended by this Amendment, on an interim basis only and not by final order, CNB shall nevertheless be entitled to the protections of the amended Stipulation as adequate protection for the Debtor's interim use of Cash and non-Cash Collateral.

8.  <u>No Other Modifications</u>.  Except as expressly set forth in this Amendment or to the limited extent modified by the Bankruptcy Court's interim order approving the Stipulation, all terms and provisions of the Stipulation remain unchanged and are hereby confirmed and ratified.

9.  <u>Signatures</u>.  This Amendment may be executed in counterparts.  Facsimile signatures are acceptable. The attorney for any party may sign on behalf of that party.  Each attorney signing for its client represents it has authority to bind its client to this Stipulation and each party shall be deemed to have authorized its attorney to sign on its behalf.

10.  <u>Counterparts</u>.  This Amendment may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto were upon the same instrument.  This Amendment may be executed by the facsimile delivery of signature pages.  The attorney for any party may sign on behalf of that party.  Each attorney signing for its client represents it has authority to bind its client to this Amendment and each party shall be deemed to have authorized its attorney to sign on its behalf.

[signature page follows]

**Kornfield, Nyberg, Bendes & Kuhner, P.C.**
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Case: 09-41727   Doc# 105   Filed: 04/16/09   Entered: 04/16/09 10:10:10   Page 9 of
12

Dated: April15, 2009                    Kornfield, Nyberg, Bendes & Kuhner, P.C.

By:Eric A. Nyberg  /s/
   (Bar No. 131105)
   Attorneys for Debtor

Dated: April 15, 2009                   Pepler Mastromonaco LLP

By:Frank T. Pepler/s/
   (Bar No. 100070)
   Attorneys for City National Bank

[signatures continue on following page]

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

1

2   Dated: April 15, 2009                          A.F. Evans Company, Inc.

3
                                                   By: Rick Bell_____
4                                                      Name:  Rick Bell_____
                                                       Title:   Executive Vice President & Chief
5                                                               Investment Officer

6

7   Dated: April 15, 2009                          City National Bank

8
                                                   By: Jerry McDermott_____
9                                                      Name:  Jerry  McDermott_____
                                                       Title:   Vice President_____
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kornfield, Nyberg, Bendes & Kuhner, P.C.**
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California.  I am over the age of 18 years and not a party to this action.  My business address is 1999 Harrison Street, Suite 2675, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 16, 2009, I served the following document:

**SECOND AMENDMENT TO STIPULATION REGARDING CASH COLLATERAL AND ADEQUATE PROTECTION**

By emailing said document to the persons listed below, to their email addresses also listed below, in Adobe Acrobat:

| | |
|---|---|
| U.S. Trustee | Robert Sherman |
| USTPRegion17.OA.ECF@usdoj.gov | rshorman@manatt.com |
| Lynette Kelly | Alan Feld |
| Lynette.c.kelly@usdoj.gov | afeld@manatt.com |
| T. Scott Bucey | Maxim Litvak |
| sbucey@peplermastromonaco.com | mlitvak@pszjlaw.com |

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressees designated.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 16th day of April, 2009 at Oakland, California.

Jennifer Coogan /s/

-12-