ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHARLES N. BENDES, ESQ. (Bar No. 70126)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
KORNFIELD, NYBERG, BENDES & KUHNER, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

Attorneys for A.F. Evans Company, Inc., Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** <br><br> **A.F. EVANS COMPANY, INC.,** <br><br> Debtor. | **Case No. 09-41727 EDJ** <br><br> **Chapter 11** <br><br> **APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL-SHEPPARD MULLIN RICHTER AND HAMPTON, LLP** |

TO: THE HONORABLE EDWARD D. JELLEN, UNITED STATES BANKRUPTCY JUDGE:

The application of A. F. Evans Company, Inc., (the "Debtor") represents:

1. On March 5, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

2. Since the time its Chapter 11 petition was filed, the Debtor has continued in possession of its property.

3. The Debtor wishes to employ the law firm of Sheppard Mullin Richter and Hampton, LLP ("Sheppard Mullin") as special counsel to finalize a binding agreement and groundlease relating to a project located at 55 Laguna Street, San Francisco, California ("55 Laguna").

4.      The Debtor has selected the law firm Sheppard Mullin estate counsel because the firm has had considerable experience in matters of this nature and it believes that the firm is well qualified to represent it as debtor-in-possession in this case. Robert Thompson, Esq. of Sheppard Mullin has been working on 55 Laguna for over two years on behalf of the Debtor and has a thorough understanding of the issues, the requirements of the projects, and the constraints of the landowner, The Regents of the University of California. The professional services that the firm of Sheppard Mullin is to render to the Debtor include:

      a.      Complete the binding agreement and groundlease documentation of 55 Laguna;

5.      It is necessary for Debtor, as debtor-in-possession, to employ an attorney to perform such professional services.

6.      Sheppard Mullin has reviewed the list of secured creditors and the 20 largest unsecured creditors of the Debtor. Based on that review and except as set forth herein, other than representing Debtor prior to this case, neither Sheppard Mullin nor any of its members have any connection with the Debtor, those creditors or the U. S. Trustee and represents no interest adverse to the estate in the matters upon which it is to be retained except: (a) Sheppard Mullin is an unsecured pre-petition creditor in the approximate amount of $75,000 (b) Sheppard Mullin represents certain of the top 20 unsecured creditors of the Debtor in matters <u>not related</u> to the Debtor including U.S. Bank, Union Bank of California, KeyBank James E. Roberts Obayashi Corp., Heritage Bank of Commerce and Cathay Bank; and (c) Sheppard Mullin represents secured creditor, City National Bank, in matters <u>not related</u> to the Debtor

7.      The Court should also be aware of the following:

      (a)      Sheppard Mullin represents the Regents in matters not related to 55 Laguna pursuant to a written conflict waiver, a copy of which is attached as Exhibit "B"(the waiver also covered our representation of Mercy Housing California, it is no longer involved in the project); and

      (b)      Bankruptcy lawyers in Sheppard Mullin were retained by Alliant Tax Credit XV, Inc. and Alliant Tax Credit Fund XV, Ltd. (collectively "Alliant"); which are parties in interest in this case. Both the Alliant entities have ownership interest in certain limited partnerships of which

the Debtor is the general partner, including Charter Oaks Associates and Bigby Associates. Alliant has objected to the sale of partnership interests. The Debtor and Alliant agreed to waive this conflict to allow Sheppard Mullin to represent the Alliant entities. A true copy of the written waiver sent to both parties is attached hereto as Exhibit "C". The Debtor does not believe this conflict in any way will hinder or prejudice the Debtor in its reorganization process.

8. To the best of Debtor's knowledge, other than what is set forth in the paragraphs 6 through 8 above, Sheppard Mullin does not have any connection with the creditors or any other party in interest in this matter, or their respective attorneys or accountants, or the United States Trustee, or any person employed in the office of the United States Trustee, and represent no interest adverse to the estate in the matters upon which it is to be retained.

9. The Debtor has conferred with, and now desires to retain and employ Sheppard Mullin as its special counsel to perform all of the above-described services necessary and desirable in the administration of its estate on an hourly rate basis at the hourly rate of $490 per hour, which is a thirty percent (30%) discount of Mr. Thompson's normal rate.

10. The firm's billing rates are subject to change from time to time as circumstances warrant. Further, such arrangement is subject to possible changes under Bankruptcy Code §328(a). Compensation for services rendered and reimbursement for expenses incurred are to be paid as allowed by the court after notice and a hearing.

11. Other than what is set forth in paragraphs 6 through 8 above, the law firm Sheppard Mullin represents no interest adverse to the Debtor as debtor-in-possession, or to the estate, in the matters upon which it is to be engaged, and its employment would be to the best interest of this estate.

**WHEREFORE**, the Debtor prays that it be authorized to employ and appoint Sheppard Mullin effective March 5, 2009, on an hourly rate basis on the terms set forth herein to represent it as special counsel in this case under Chapter 11 of the Bankruptcy Code and that it be granted such other and further relief as is just.

Dated: April 25, 2009

A.F. EVANS COMPANY, INC.,

By: Rick Bell /s/
Executive VP and Chief Investment Officer

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

ThompsonApp

-4-

# EXHIBIT "A"

## SHEPPARD MULLIN RACHTER AND HAMPTON, LLP.

### HOURLY RATE SCHEDULE - 2009

| Attorney Name | Atty. Code | Hourly Rate |
|---|---|---|
| Robert Thompson, Esq. | 1 | $490 |

# EXHIBIT "B"



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S  A T  L A W

17th Floor | Four Embarcadero Center | San Francisco, CA 94111-4106
415-434-9100 office | 415-434-3947 fax | www.sheppardmullin.com

dmadway@sheppardmullin.com

February 27, 2004

Jane Graf
Executive Director
1360 Mercy Housing California
Mission Street, Suite 300
San Francisco, CA 94103

John J. Robertson
President
A.F. Evans Development, Inc.
100 Bush Street, Suite 925
San Francisco, CA 94104

Janet Norris
University Of California
Office Of The General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607

Re: <u>Waiver of Conflict of Interest</u>

Dear Ms. Graf, Mr. Robertson and Ms. Norris:

We have been asked to represent Mercy Housing California ("Mercy") and A.F. Evans Development, Inc. ("Evans") in connection with the development of 55 Laguna Street in San Francisco (the "Current Matter"). The University of California ("UC"), who will be adverse to Mercy and Evans in the Current Matter, is represented by us in matters unrelated to the Current Matter and is represented by other counsel with respect to the Current Matter. Specifically, we represent UC in unrelated real estate development matters.

Pursuant to ethics rules applicable to California attorneys, we cannot undertake the representation of Mercy and Evans in the Current Matter without the informed written consent of Mercy, Evans and UC.

Among the concerns giving rise to the requirement that we obtain such consent are the following: (i) we may have or be perceived to have divided loyalties because of our representation of Mercy, Evans and UC in unrelated matters, which could affect our representation and possibly cause a diminution of the vigor or quality of representation that might be afforded compared with what would be available from other independent counsel; (ii) we might have confidential information gained from UC that might be material to our representation of Mercy and Evans in the Current Matter; and (iii) since the proposed consent to

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Mercy Housing
A.F. Evans Development, Inc.
University of California
February 27, 2004
Page 2

our representation does not extend to actual litigation between Mercy, Evans and UC with respect to the Current Matter, Mercy and Evans may be prejudiced by being required to find new counsel in the event that actual litigation between Mercy, Evans and UC develops with respect to the Current Matter.

We do not believe we have obtained confidential information related to the Current Matter from UC.

In light of the foregoing, we request your consent to the following:

1. In the Current Matter we will represent only Mercy and Evans and will not act as counsel for UC.

2. We will remain able to represent UC and any of its affiliates in other unrelated matters not involving Mercy and Evans, whether now existing or which arise in the future, without the need for further written consent of Mercy and Evans.

3. We will remain able to represent Mercy and Evans and any of their affiliates in other unrelated matters not involving UC, whether now existing or which arise in the future, without the need for further written consent of UC.

4. We will not represent Mercy and Evans in litigation or other dispute resolution proceedings involving the Current Matter without the further informed written consent of Mercy, Evans and UC, assuming that Mercy, Evans and UC continue to be our clients at the time the litigation matter arises.

5. Our files and confidential information of Mercy and Evans or their affiliates obtained in the course of representing Mercy and Evans or their affiliates shall not be subject to disclosure to UC or its affiliates, and our files and confidential information of UC or its affiliates obtained in the course of representing UC or its affiliates shall not be subject to disclosure to Mercy and Evans or their affiliates.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Mercy Housing
A.F. Evans Development, Inc.
University of California
February 27, 2004
Page 3

In order to confirm your consent, please be kind enough to sign a copy of this letter where indicated below and return it to me. Of course, each of you should feel free to consult separate counsel at any time on any matter, including review of this letter and your decision whether to sign it. Please let me know if you have any questions.

Very truly yours,

*/s/ David M. Madway*

David M. Madway

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-SF:5FJ\61403980.1

cc: Robert Thompson, Esq.

The undersigned hereby acknowledges the disclosure, grants the waivers and consents to the representation by Sheppard, Mullin, Richter & Hampton LLP as set forth in the foregoing letter.

MERCY HOUSING CALIFORNIA          A.F. EVANS DEVELOPMENT, INC.

By: _____        By: _____

Title: _____       Title: _____

Date: _____        Date: _____

UNIVERSITY OF CALIFORNIA

By: *[signature]*

Title: *University Counsel*

Date: *3/1/04*



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

17th Floor | Four Embarcadero Center | San Francisco, CA 94111-4106
415-434-9100 office | 415-434-3947 fax | www.sheppardmullin.com

February 27, 2004

dmadway@sheppardmullin.com

Jane Graf
Executive Director
1360 Mercy Housing California
Mission Street, Suite 300
San Francisco, CA 94103

John J. Robertson
President
A.F. Evans Development, Inc.
100 Bush Street, Suite 925
San Francisco, CA 94104

Janet Norris
University Of California
Office Of The General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607

Re: <u>Waiver of Conflict of Interest</u>

Dear Ms. Graf, Mr. Robertson and Ms. Norris:

We have been asked to represent Mercy Housing California ("Mercy") and A.F. Evans Development, Inc. ("Evans") in connection with the development of 55 Laguna Street in San Francisco (the "Current Matter"). The University of California ("UC"), who will be adverse to Mercy and Evans in the Current Matter, is represented by us in matters unrelated to the Current Matter and is represented by other counsel with respect to the Current Matter. Specifically, we represent UC in unrelated real estate development matters.

Pursuant to ethics rules applicable to California attorneys, we cannot undertake the representation of Mercy and Evans in the Current Matter without the informed written consent of Mercy, Evans and UC.

Among the concerns giving rise to the requirement that we obtain such consent are the following: (i) we may have or be perceived to have divided loyalties because of our representation of Mercy, Evans and UC in unrelated matters, which could affect our representation and possibly cause a diminution of the vigor or quality of representation that might be afforded compared with what would be available from other independent counsel; (ii) we might have confidential information gained from UC that might be material to our representation of Mercy and Evans in the Current Matter; and (iii) since the proposed consent to

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Mercy Housing
A.F. Evans Development, Inc.
University of California
February 27, 2004
Page 2

our representation does not extend to actual litigation between Mercy, Evans and UC with respect to the Current Matter, Mercy and Evans may be prejudiced by being required to find new counsel in the event that actual litigation between Mercy, Evans and UC develops with respect to the Current Matter.

We do not believe we have obtained confidential information related to the Current Matter from UC.

In light of the foregoing, we request your consent to the following:

1. In the Current Matter we will represent only Mercy and Evans and will not act as counsel for UC.

2. We will remain able to represent UC and any of its affiliates in other unrelated matters not involving Mercy and Evans, whether now existing or which arise in the future, without the need for further written consent of Mercy and Evans.

3. We will remain able to represent Mercy and Evans and any of their affiliates in other unrelated matters not involving UC, whether now existing or which arise in the future, without the need for further written consent of UC.

4. We will not represent Mercy and Evans in litigation or other dispute resolution proceedings involving the Current Matter without the further informed written consent of Mercy, Evans and UC, assuming that Mercy, Evans and UC continue to be our clients at the time the litigation matter arises.

5. Our files and confidential information of Mercy and Evans or their affiliates obtained in the course of representing Mercy and Evans or their affiliates shall not be subject to disclosure to UC or its affiliates, and our files and confidential information of UC or its affiliates obtained in the course of representing UC or its affiliates shall not be subject to disclosure to Mercy and Evans or their affiliates.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Mercy Housing
A.F. Evans Development, Inc.
University of California
February 27, 2004
Page 3

In order to confirm your consent, please be kind enough to sign a copy of this letter where indicated below and return it to me. Of course, each of you should feel free to consult separate counsel at any time on any matter, including review of this letter and your decision whether to sign it. Please let me know if you have any questions.

Very truly yours,

*[signature]*

David M. Madway

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-SF:5FJ\61403980.1
cc: Robert Thompson, Esq.

The undersigned hereby acknowledges the disclosure, grants the waivers and consents to the representation by Sheppard, Mullin, Richter & Hampton LLP as set forth in the foregoing letter.

MERCY HOUSING CALIFORNIA

By: *[signature]*
Title: President
Date: 3/16/04

A.F. EVANS DEVELOPMENT, INC.

By: *[signature]*
Title: President
Date: 3-15-04

UNIVERSITY OF CALIFORNIA

By: _____

Title: _____

Date: _____

# EXHIBIT "C"



Writer's Direct Line
619-338-6613
numann@sheppardmullin.com

March 30, 2009

*VIA E-MAIL*

Anthony G Palaigos
Senior Vice President and General Counsel of
Alliant Asset Management Company LLC
21600 Oxnard Street, 12th Floor
Woodland Hills, CA 91367

A F Evans Development, Inc
c/o Eric Nyberg
Kornfield, Nyberg, Bendes & Kuhner P C
1999 Harrison St , Suite 2675
Oakland, CA 94612

      Re: <u>Waiver of Conflict of Interest</u>

Dear Messrs Palaigos and Nyberg:

      As you know, prior to the filing of its Chapter 11 petition, Robert Thompson of our firm represented A F Evans Development, Inc ("Evans") in connection with land use and related issues pertaining to the potential development of property on Laguna Street in San Francisco (the "Laguna Matter") We understand that Evans may seek to engage Mr Thompson and our firm to serve as special counsel for Evans in the bankruptcy in order to continue his work on the Laguna Matter

      I have been asked to represent Alliant Tax Credit XVII, Inc , Alliant Tax Credit XVII, Ltd , Alliant Tax Credit XVI, Inc and Alliant Tax Credit XVI, Ltd (collectively "Alliant") in connection with Evans' bankruptcy including but not limited to Evans' proposed assumption and assignment of two partnership agreements for the Bigby Associates, LP and Charter Oaks Associates, LP partnerships, in which Alliant and Evans are both partners (the "Alliant Matter") Because Evans will be adverse to Alliant in the Alliant Matter, we seek the informed written consent of both Alliant and Evans to represent Alliant in the Alliant Matter and to also if employed, represent Evans in the Laguna Matter We understand that Evans has bankruptcy counsel and our firm will not advise Evans with respect to anything related to the Alliant Matter

      Among the concerns giving rise to the requirement that we obtain such consent are the following: (i) we may have or be perceived to have divided loyalties because of our

representation of both Alliant and Evans in unrelated matters, which could affect our representation and possibly cause a diminution of the vigor or quality of representation that might be afforded compared with what would be available from other independent counsel; (ii) we might have confidential information gained from Evans that might be material to our representation of Alliant in the Alliant Matter; (iii) the proposed consent to our representation would extend to representing Alliant against Evans in the Bankruptcy Court, so that it is possible that we could appear on behalf of Alliant against Evans in an adversary proceeding while at the same time we represent either or both of Alliant and Evans in unrelated matters; and (iv) notwithstanding the provisions of this consent, we may nonetheless be required or determine that we are required to withdraw from representing Alliant or Evans or both in connection with the Alliant Matter or other matters, in which case the client(s) may incur additional expense or suffer delay or other prejudice by being required to find new counsel with respect to the Alliant Matter or such other matters.

We do not believe we have obtained confidential information related to the Alliant Matter from Evans. Notwithstanding, we will take appropriate steps to erect an "ethical wall" in order that our attorneys who have represented Evans do not participate in the representation of Alliant in connection with the Alliant Matter.

In light of the foregoing, we request your consent to the following:

1. In the Alliant Matter we will represent only Alliant and will not act as counsel for Evans. We will be permitted to represent Alliant against Evans in the Bankruptcy Court.

2. We will remain able to represent Evans and any of its affiliates in other unrelated matters not involving Alliant, whether now existing or which arise in the future, without the need for further written consent of Alliant.

3. We will remain able to represent Alliant and any of its affiliates in other unrelated matters not involving Evans, whether now existing or which arise in the future, without the need for further written consent of Evans.

4. Our files and confidential information of Alliant or its affiliates obtained in the course of representing Alliant or its affiliates shall not be subject to disclosure to Evans or its affiliates, and our files and confidential information of Evans or its affiliates obtained in the course of representing Evans or its affiliates shall not be subject to disclosure to Alliant or its affiliates.

In order to confirm your consent, please be kind enough to sign a copy of this letter where indicated below and return it to me. Of course, each of you should feel free to consult separate counsel at any time on any matter, including review of this letter and your decision whether to sign it. Please let me know if you have any questions

Very truly yours,

*Margaret M Mann*

Margaret M Mann

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST.SFJ\401455429.1

cc: Robert Thompson, Esq

The undersigned on its behalf and on behalf of its affiliates hereby acknowledges the disclosure, grants the waivers and consents to the representation by Sheppard, Mullin, Richter & Hampton LLP as set forth in the foregoing letter

A F EVANS DEVELOPMENT, INC

By: _____

Title: VICE PRESIDENT

Date: 4/30/09

ALLIANT TAX CREDIT XVII, INC

By: _____

Title: _____

Date: _____

ALLIANT TAX CREDIT XVII, LTD

By: _____

Title: _____

Date: _____

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Anthony G. Palaigos
Eric Nyberg
March 30, 2009
Page 4

ALLIANT TAX CREDIT XVI, INC

By: _____

Title: _____

Date: _____


ALLIANT TAX CREDIT XVI, LTD

By: _____

Title: _____

Date: _____

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1999 Harrison Street, Suite 2675, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 30, 2009, I served the following document(s):

**APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL**

**DECLARATION OF ROBERT THOMPSON, ESQ.**

**ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL**

by placing copies of said document(s) in sealed envelope(s) and served in the manner or manners described below addressed as follows:

U.S. Trustee
1301 Clay Street, Suite 690N
Oakland, CA 94612-5202

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee(s) designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of April, 2009 at Oakland, California.

Jennifer Coogan /s/ *ycoogan*