Entered on Docket
June 24, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: June 23, 2009

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                          No. 09-41727 EDJ

A.F. EVANS COMPANY, INC.,                      Chapter 11

_____Debtor./

MEMORANDUM: MOTION TO ASSUME AND ASSIGN PARTNERSHIP INTEREST

Chapter 11 debtor A.F. Evans ("Debtor") has moved this court for an order authorizing it to assume a partnership interest in Bigby Associates, LP ("Bigby") and assign it to The Reliant Group ("Assignee"). Alliant Tax Credit XV and associated entities (collectively, "Alliant"), a limited partner in Bigby, has objected to the sale.

Debtor's motion to assume and assign, as pertains to the Bigby partnership interest, was taken under submission following oral argument on May 28, 2009. The court now sets an evidentiary hearing to aid its resolution of the motion.

Memorandum

1. <u>Assignability of executory contracts in bankruptcy</u>.

By its terms, the Bigby Limited Partnership Agreement ("Partnership Agreement") prohibits Debtor from assigning its general partnership interest absent Alliant's consent. The relevant provision of the agreement reads, "No General Partner may Withdraw... from the partnership or assign, pledge or encumber all or any part of its interest without the Consent of [Alliant Tax Credit XV]..." (*See* Alliant *Limited Opposition*, Ex. C at 270).

It is not disputed that, outside the context of a bankruptcy filing, Debtor would not be able to assign its interest in Bigby without Alliant's consent.[1] However, Bankruptcy Code § 365(f)(1)[2] provides that a trustee in bankruptcy (or debtor in possession, as here) may, subject to the restriction hereinafter mentioned, assign a contract even where the contract prohibits, restricts, or conditions the assignment of such contract. In the context of a bankruptcy filing, then, the Partnership Agreement consent requirement is not alone sufficient to prevent the Debtor from unilaterally assigning its partnership interest.

The freedom of the debtor in possession to assign an executory contract under § 365(f)(1) is subject to the restrictions of § 365(c). That section states that the debtor in possession may not assume or assign an executory contract if applicable law excuses a

---

[1] Debtor so conceded at the May 28, 2009 hearing.

[2] Unless otherwise indicated, all future section references are to the Bankruptcy Code.

Memorandum 2

non-debtor party from accepting performance from an entity other than the debtor. The issue before the court, then, is whether "applicable law" excuses Alliant from accepting performance from the Assignee.

2. <u>Whether "applicable law" excuses Alliant from accepting performance from the Assignee</u>.

The parties cite the California Corporations Code, a range of case law, and the common law of partnerships in marshaling a definition of "applicable law" to apply to § 365(c)(1).

The case law cited by the parties reveals that courts have come to different conclusions as to the effect of the partnership laws of different states in the context of § 365(c)(1). (*See* <u>In re Schick</u>, 325 B.R. 318, 324 (S.D.N.Y. 1999) (holding that New York partnership law prevented assignment of a general partnership interest without the consent of the other partners), <u>In re Catron</u>, 158 B.R. 629, 635 (E.D. Va. 1993) (holding that Virginia partnership law excused non-debtor parties to the contract from accepting performance from a party other than the debtor), <u>In re Allentown Ambassadors</u>, 361 B.R. 422, 455 (Bankr. E.D. Pa. 2007) (holding, *inter alia*, that North Carolina partnership law does not contain a clear, unambiguous prohibition against assignment without the consent of the other parties to the contract, and therefore the non-debtor parties are not excused from accepting performance from a party other than the debtor), <u>In re Claremont Acquisition Corporation, Inc.</u>, 186 B.R. 977, 983-84 (Bankr. C.D. Cal. 1995) (holding, *inter alia*, that California law restricting an automobile franchisee's ability to

Memorandum 3

assign the franchise without the consent of the manufacturer excused the manufacturer from accepting performance from debtor assignee, provided the refusal was reasonable).)  This court must therefore look to the partnership law of California to determine whether "applicable law" excuses Alliant from accepting performance from the Assignee.

Both Debtor and Alliant cite California Corporations Code § 15672.  (*See* Alliant *Limited Opposition* at 5; Debtor *Reply to Limited Opposition* at 4-5; Alliant *Objection to Sale Motion* at 3-4.) Subsection (a) of that code section states that, "A limited partnership interest is assignable in whole or in part."  Subsection (c), however, states that "A partnership agreement may provide that a general partner may not assign or encumber a partnership interest in a limited partnership."  The California Corporations Code alone does not clearly excuse Alliant from accepting performance from the Assignee.

Alliant argues that California partnership law incorporates the principle of *delectus personarum* - the right to choose one's own partners - thereby triggering the § 365(c)(1) prohibition on assignment, and excusing Alliant from accepting performance from the Assignee.  (Alliant *Objection to Sale Motion* at 5; *see* <u>Rivlin v. Levine</u>, 195 Cal.App.2d 13, 21 (Cal. Dist. Ct. App. 1961) ("In all general partnerships, and also in *bone fide* limited partnerships, there is the right of *delectus personarum*, the right to determine membership.").)

The principle of *delectus personsarum* does not, by itself,

Memorandum 4

direct this court to conclude that Alliant is excused from accepting performance from the Assignee. Rather, a restriction on assignment must be upheld only if the duty of the contract party is material. (*See* In re Schick, 235 B.R. at 323 ("Faced with a state law restricting assignment ... a court must inquire into its rationale and uphold the restriction under *section 365(c)* if the identity of the contracting party is material to the agreement."); *see also* In re Allentown, 361 B.R. at 454 ("If ... the governing law or statute is equivocal [the court must determine] whether the identity of an assignee would be material to the non-debtor, taking into consideration the nature of the enterprise in which the debtor and the non-debtor are engaged.").)

Debtor states that Alliant and Debtor are merely investors in the Bigby Limited Partnership, and have no special relationship sufficient to trigger the anti-assignment language of § 365(c)(1). (*See* Debtor *Reply to Limited Opposition* at 7.) Alliant counters that its right of *delectus personarum* prevents Debtor from severing its economic from its non-economic rights under the Agreement, and assigning only the economic rights without Alliant's consent. (*See* Alliant *Objection to Sale Motion* at 4.)

The court concludes that there is legal authority to support the proposition that a prohibition on assignment is not enforceable in the context of a bankruptcy filing where the identity of the contracting party is not material to the contract, *i.e.*, where only an economic interest is being assigned. (*See* In re Allentown, 361 B.R. at 452 ("[T]he question of whether or not management power in a

Memorandum 5

partnership is assignable turns not upon the status which 'applicable law' generally accords to partnership agreements but upon the materiality of the identity of the partners to the performance of the obligations remaining to be performed under the partnership in question."); *see cf.*, In re Catapult Entertainment, Inc., 165 F.3d 747, 754-55 (9th Cir. 1999) ("where applicable nonbankruptcy law makes an executory contract nonassignable because the identity of the nondebtor party is material, a debtor in possession may not assume the contract absent consent of the nondebtor party."), Coykendall v. Jackson, 17 Cal.App.2d 729, 731 (Cal. Dist. Ct. App. 1936) ("an executory contract for personal services involving a personal relation of confidence between the parties, or involving liabilities or duties, which in express terms impute or indicate reliance on the character and personal ability of the parties, cannot be assigned....").)

3. <u>An evidentiary hearing is necessary to determine whether the partnership interest at issue here is assignable</u>.

Because the record is devoid of facts regarding the rights and duties Debtor proposes to assign to Assignee, an evidentiary hearing is required to determine whether the partnership interest is assignable.

The issues to be resolved at the evidentiary hearing are as follows. First, what the rights to be assumed and duties to be delegated to Assignee by Debtor are. Second, are those rights and duties such that the identity of the Assignee is material to performance under the Agreement, thereby giving rise to a right of

Memorandum 6

refusal by Alliant.

4. <u>Adequate assurance of future performance</u>.

Alliant is correct that Debtor has failed to present evidence adequately assuring future performance by the Assignee, as required by § 365(f)(2)(B). Accordingly, the parties may address this issue at the evidentiary hearing.

**END OF ORDER**

Memorandum 7

COURT SERVICE LIST

Chris D. Kuhner, Esq.
Kornfield, Nyberg, Bendes and Kuhner
1999 Harrison St. #2675
Oakland, CA 94612

Steven Sacks, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

Maxim B. Litvak, Esq.
Pachulski, Stang, Ziehl and Jones
150 California St. 15th Fl.
San Francisco, CA 94111-4500

T. Scott Bucey, Esq.
Pepler Mastromonaco LLP
100 First Street, 25th Floor
San Francisco, CA 94105

Eugene K. Yamamoto, Esq.
Law Offices of Eugene K. Yamamoto
160 Franklin Street
Oakland, CA 94607

Memorandum                                8