ALAN M. FELD, Cal. Bar No. 155345
afeld@sheppardmullin.com
THERESA W. BANGERT, Cal. Bar No. 232803
tbangert@sheppardmullin.com
STEPHANIE M. SEIDL, Cal. Bar No. 253674
sseidl@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Secured Creditor
CP III Evans, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>A.F. Evans Company Inc.,<br><br>            Debtor. | Case No. 09-41727 EDJ<br><br>Chapter 11<br><br>**CP III EVANS, LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND ASSUME AND ASSIGN PARTNERSHIP INTERESTS**<br><br>Date: October 1, 2010<br>Time: 2:30pm<br>Ctrm: 215<br>      U. S. Bankruptcy Court<br>      1300 Clay Street<br>      Oakland, California |

W02-WEST:1SMS1\402933175.2

Case: 09-41727   Doc# 490   Filed: 09/17/10   Entered: 09/17/10 11:58:10   Page 1 of 10

CP III Evans, LLC ("CP3") hereby submits this *Limited Objection and Reservation of Rights with Respect to the Debtors' Motion to Sell Substantially All Assets and Assume and Assign Partnership Interests* (the "Motion").

## I.
## INTRODUCTION

CP3 is a secured creditor of A.F. Evans Company Inc. (the "Debtor") with respect to two separate loans, each in the original principal amount of $3,000,000. Such loans are secured by liens and security interests in, among other things, (i) certain management agreements and related management fees and (ii) certain equity interests of certain of the Debtor's subsidiaries. In addition to the outstanding original principal balance of each loan, substantial interest, fees, costs and other charges continue to accrue with respect to each of the CP3 loans.

Although CP3 is generally supportive of the process that has led to the negotiation and pursuit of the proposed sale transaction with Bayside Communities (the "Buyer"), CP3 has certain reservations and concerns with respect to the Motion and the terms of the underlying proposed sale transaction. Specifically, the Motion, the term sheet and the proposed form of asset purchase agreement do not provide enough clarity with respect to the sufficiency of the proposed sale proceeds to satisfy CP3's secured claims. In a stipulation approved by this Court on August 26, 2010, CP3 was afforded an absolute consent right to any sale of its collateral that does not generate sufficient proceeds to fully satisfy its secured claims. While CP3 is currently in the process of evaluating the proposed sale transaction, CP3 anticipates that it will require additional detailed information in order to make an informed decision with respect to the sale of its collateral. Accordingly, CP3 files this limited objection and reservation of rights principally to reserve its rights with respect to CP3's consent to the proposed sale of CP3's collateral.

## II.

## FACTUAL BACKGROUND RELATING TO THE STIPULATIONS

On August 26, 2010, this Court entered its *Order Granting Joint Motion for Order Approving: 1) Stipulation re Disposition and Sale of Assets in Connection with Continued Use of Lender's Cash Collateral; and 2) Stipulation re Continued Use of Cash Collateral* (the "Stipulation Approval Order"). Through the Stipulation Approval Order, this Court approved of two heavily negotiated stipulations entered into by and between the Debtor, CP3, and City National Bank ("CNB"), specifically: 1) *Stipulation Re: Disposition and Sale of Assets in Connection with the Continued Use of Cash Collateral* (the "Asset Sale Stipulation"); and 2) *Stipulation Re: Continued Use of Cash Collateral* ("Cash Collateral Stipulation" and together with the Asset Sale Stipulation, the "Stipulations"). Among other things, the Stipulations authorized the Debtor to use CNB and CP3's cash collateral provided that the Debtor proceeded with an orderly process for the sale or other liquidation of its assets as set forth in the Asset Sale Stipulation. In addition, the Asset Sale Stipulation provided CNB and CP3 with certain specific protections in connection with any sale of their respective collateral. Such protections included an absolute consent right to any sale of the respective collateral of CNB and CP3 where the sale proceeds were not sufficient to fully satisfy each of CNB's and CP3's secured claims.

The Asset Sale Stipulation, which was integral to the negotiation of continued consent by CP3 and CNB to the Debtors' use of cash collateral, provides that unless a proposed sale of the Debtor's assets was able to generate sufficient proceeds to satisfy CP3's claims in full (or a lesser amount which CP3 may agree to in writing), such proposed sale would not be permitted without CP3's express consent. Specifically, paragraph 6 of the Asset Sale Stipulation provides:

> Sale of Assets to Third Party. If, pursuant to the procedures set forth in this Asset Sale Stipulation, the respective collateral of CNB and CP3 is to be sold to a party other than CNB and/or

CP3, then (i) unless such proposed sale(s) yields sufficient cash proceeds to fully satisfy the respective secured claims of CNB and CP3 (or pay CNB and/or CP3 some lesser amount which is agreed to in writing by CNB and CP3, as applicable, in their sole and absolute discretion), no such sale(s) shall be permitted without the respective written consent of both CNB and CP3, **and** (ii) assuming such consent is obtained, all proceeds of such sale(s) up to the amount of the respective secured claims, shall be immediately paid to CNB and CP3 at closing.

Thus, under the terms of the Asset Sale Stipulation, unless the proposed sale generates sufficient cash proceeds to fully satisfy CP3's secured claims and such secured claims are actually satisfied at closing of such sale, CP3 has an absolute consent right to the sale of CP3's collateral. The situation presented by the Motion, then, is exactly the situation contemplated by the parties: a proposed transaction involving a sale of assets to a third party. CP3 specifically negotiated the right to consent to such a sale, and it is imperative that these rights be preserved and respected.

Unfortunately, at this point, CP3 does not have sufficient information to determine the sufficiency of the anticipated sale proceeds to fully satisfy CP3's secured claims. CP3 will continue to work closely with the Debtor and the Buyer to gain more clarity with respect to the proposed sale. At this time, however, and until CP3 is able to obtain sufficient information to make an informed decision, CP3 is unable to consent to the proposed sale. CP3 expressly reserves all of its rights – including its absolute consent rights and right to have its secured claims fully satisfied at the closing of any sale transaction under the Asset Sale Stipulation.

## III.

## **LIMITED OBJECTION AND RESERVATION OF RIGHTS**

Unless CP3 is paid in full (including all applicable and accrued but unpaid interest, fees, costs and other charges of all types) at closing from the proceeds of the proposed sale (in

-3-

Case: 09-41727    Doc# 490    Filed: 09/17/10    Entered: 09/17/10 11:58:10    Page 4 of 10

| | |
|---|---|
| 1 | accordance with the Asset Sale Stipulation), CP3 has an absolute consent right to the sale of its |
| 2 | collateral. At this time, CP3 does not have sufficient information to consent or withhold consent |
| 3 | to the proposed sale of its collateral. Accordingly, CP3 reserves all of its rights under the Asset |
| 4 | Sale Stipulation and in connection with any proposed sale of CP3's collateral pursuant to the |
| 5 | Motion or otherwise. |

Dated: September 17, 2010

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By  */s/ Stephanie M. Seidl*
ALAN M. FELD
THERESA W. BANGERT
STEPHANIE M. SEIDL
Attorneys for Secured Creditor
CP III Evans, LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071-1422.

On **September 17, 2010**, I served the following document(s) described as **CP III EVANS, LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND ASSUME AND ASSIGN PARTNERSHIP INTERESTS** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒ **BY ELECTRONIC MAIL:** On the above-mentioned date, from Los Angeles, California, I caused each such document to be transmitted electronically to the party(ies) at the e-mail address(es) indicated below. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed. A return receipt was requested at the time of the transmission of each such document and I did not receive a notice of failure of receipt of each such document.

☒ **BY NOTICE OF ELECTRONIC FILING:** I caused to be served the above described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **September 17, 2010**, at Los Angeles, California.

/s/ Virginia La Monica
Virginia La Monica

24ST-154808

*In re A.F. Evans Company, Inc.*
Chapter 11
U.S.B.C. Case No. 09-41727-EDJ

### SERVICE LIST

**Served by NEF:**

- **Robert A. Abrams**  rabrams@katskykorins.com
- **William E. Adams**  , merickson@fablaw.com
- **Bernard D. Bollinger**  bbollinger@buchalter.com, smartin@buchalter.com
- **John P. Christian**  jchristian@tobinlaw.com, gbroome@tobinlaw.com
- **Kathryn S. Diemer**  kdiemer@diemerwhitman.com
- **Leonard Flanagan**  leonard@condodefects.com, mariah@condodefects.com
- **Robert S. Gebhard**  robert.gebhard@sdma.com
- **Bernard R. Given**  bgiven@frandzel.com, efiling@frandzel.com
- **Carl L. Grumer**  cgrumer@manatt.com
- **Amy L. Hespenheide**  ahespenheide@sflaw.com
- **Mark V. Isola**  misola@rehonroberts.com
- **Robert E. Izmirian**  rizmirian@buchalter.com
- **George H. Kalikman**  gkalikman@schnader.com
- **Robert B. Kaplan**  rbk@jmbm.com
- **Lynette C. Kelly**  lynette.c.kelly@usdoj.gov
- **Thomas F. Koegel**  tkoegel@crowell.com
- **Jeffrey A. Krieger**  jkrieger@ggfirm.com
- **Chris D. Kuhner**  c.kuhner@kornfieldlaw.com
- **Catherine M. Lee**  C.Lee@MPGLAW.com
- **Maxim B. Litvak**  mlitvak@pszjlaw.com, pjeffries@pszyjw.com
- **William F. McLaughlin**  mcl551@aol.com
- **Randy Michelson**  randy.michelson@michelsonlawgroup.com
- **Zachary Mosner**  bcumosner@atg.wa.gov
- **Austin P. Nagel**  melissa@apnagellaw.com
- **Howard S. Nevins**  hnevins@hsmlaw.com, lsamosa@hsmlaw.com
- **Eric A. Nyberg**  e.nyberg@kornfieldlaw.com
- **Office of the U.S. Trustee/Oak**  USTPRegion17.OA.ECF@usdoj.gov, ltroxas@hotmail.com
- **Joseph Orzano**  JOrzano@Schnader.com
- **Frank T. Pepler**  fpepler@peplermastromonaco.com
- **Steven G.F. Polard**  spolard@perkinscoie.com
- **Alan E. Ramos**  aramos@lawnrs.com
- **Catherine Schlomann Robertson**  crobertson@pahl-mccay.com, tmeek@pahl-mccay.com
- **Richard A. Rogan**  rrogan@jmbm.com, jb8@jmbm.com;to1@jmbm.com
- **Randy R. Rogers**  rrogers@winston.com
- **Stephanie M. Seidl**  sseidl@sheppardmullin.com
- **Pamela E. Singer**  psinger@pszyjw.com, ksuk@pszyjw.com;azaragoza@pszyjw.com
- **Michael St. James**  ecf@stjames-law.com
- **James A. Tiemstra**  jat@tiemlaw.com, sml@tiemlaw.com

- **Todd C. Toral**  ttoral@nixonpeabody.com, jzic@nixonpeabody.com; sf.managing.clerk@nixonpeabody.com
- **Edward Tredinnick**  etredinnick@grmslaw.com
- **Jeffrey D. Trowbridge**  jdt3656@sbcglobal.net
- **Philip S. Warden**  philip.warden@pillsburylaw.com
- **Howard J. Weg**  hweg@pwkllp.com
- **Chad A. Westfall**  c.westfall@mpglaw.com
- **Thomas A. Willoughby**  TWilloughby@ffwplaw.com, lnmccleerey@ffwplaw.com;kwidder@ffwplaw.com
- **Kelly A. Woodruff**  kwoodruff@fbm.com, calendar@fbm.com

**Served by U.S. Mail:**

*Debtor*
A.F. Evans Company, Inc.
Attn: Richard A. Bell
1000 Broadway, Suite 300
Oakland, CA 94607

**Served by Overnight Mail:**

*Judge's Copy*
U.S. Bankruptcy Court
Attn: Hon. Edward D. Jellen
1300 Clay Street, Ctrm 215
Oakland, CA 94612

**Served by U.S. Mail (unless noted otherwise):**

*Secured Creditors*

| | | |
|---|---|---|
| Central Valley Community Bank<br>Attn: Pat Carmen<br>60 W. 10th Street<br>Tracy, CA 95376 | City National Bank<br>Loan Center<br>P. O. Box 60938<br>Los Angeles, CA 90060 | CP III Evans LLC<br>1000 Sansome St., Suite 180<br>San Francisco, CA 94111 |
| Cushrex/Byron Park Investors LP<br>1801 Oakland Blvd., #200<br>Walnut Creek, CA 94596 | Heritage Bank of Commerce<br>150 Almaden Blvd.<br>San Jose, CA 95113 | |

*Requests for Special Notice*

| | | |
|---|---|---|
| **Representative for tw telecom inc.**<br>Linda Boyle<br>Tw telecom inc.<br>10475 Park Meadows Dr., #400<br>Littleton, CO 80124 | **VIA EMAIL**<br>**MW Housing Partners III, L.P.**<br>Julie MacHale<br>Weyerhaeuser Realty Investors<br>8105 Irvine Center Dr, Ste 420<br>Irvine, CA 92618<br>julie.machale@wri-online.com | **Attorneys for Alliant Tax Credit Fund XVI, Ltd., Alliant Tax Credit XVI, Inc., Alliant Tax Credit Fund XVII, Ltd., and Alliant Tax Credit XVII, Inc.**<br>Margaret M. Mann, Esq.<br>Sheppard Mullin Richter & Hampton LLP<br>501 W. Broadway, 19th Fl.<br>San Diego, CA 92101-3596 |
| **VIA EMAIL**<br>**Attorneys for Apex Real Estate Advisors, LLC**<br>Arnold E. Brown<br>Apex Real Estate<br>32 Washington Ave., Suite B<br>Point Richmond, CA 94801<br>abrown@apexreadvisors.com | **VIA EMAIL**<br>**Attorneys for Citizens Housing Corporation, Case Avenue Housing Corporation, and Promenade Housing Corporation**<br>Citizens Housing Corporation<br>c/o Gregg M. Ficks, Esq.<br>Coblentz, Patch, Duffy & Bass<br>One Ferry Building, Suite 200<br>San Francisco, CA 94111<br>gficks@coblentzlaw.com | **Segue Construction, Inc.**<br>Steve Grider, President<br>7139 Koll Center Parkway, Suite 200<br>Pleasanton, CA 94516 |
| **VIA EMAIL**<br>**General Counsel for Federal Home Loan Mortgage Corporation**<br>Kenton Hambrick<br>Federal Home Loan Mortgage Corp.<br>8200 Jones Branch Dr.<br>McLean, VA 22102<br>Kenton.hambrick@freddiemac.com | **Counsel for Madera West Condominium Association**<br>Robert M. Bone, Esq.<br>Law Office of Robert M. Bone<br>37 Old Courthouse Sq. Ste 200<br>Santa Rosa, CA 95404 | **MarketSquareCreditor In Pro Per**<br>Market Square Homeowners Assoc.<br>c/o Anne Purcell<br>585 Ninth Street, Unite 308<br>Oakland, CA 94607 |
| **Bachecki, Crom & Co., LLP CPA's**<br>180 Montgomery St., Suite 2340<br>San Francisco, CA 94104-4203 | | |
| **Hudson Housing Capital, LLC**<br>c/o Howard J. Weg<br>Peitzman, Weg & Kempisky LLP<br>10100 Santa Monica Blvd., #1450<br>Los Angeles, CA 90067 | | |
| **Kawamoto, Weil and Company**<br>150 E. Campbell Ave., Suite 201<br>Campbell, CA 95008 | | |

| | |
|---|---|
| 1 | **Kornfield, Nyberg, Bendes & Kuhner, PC** <br> 1999 Harrison Street, #2675 |
| 2 | Oakland, CA 94612 |
| 3 | **Mark P. Levy** <br> Levy, Levy and Levy |
| 4 | 900 Larkspur Landing Circle, #275 <br> Larkspur, CA 94939 |
| 5 | |
| 6 | **Matthew D. Maser** <br> **Donald L. Swanson** <br> Koley Jennsen P.C. |
| 7 | One Pacific Pl., #800 <br> Omaha, NE 68124 |
| 8 | |
| 9 | **Miles & Westbrook** <br> 1407 Oakland Blvd., Suite 107 <br> Walnut Creek, CA 94596 |
| 10 | |
| 11 | **Cheryl A. Orr** <br> Musick Peeler and Garrett LLP <br> One Wilshire Blvd., #2000 |
| 12 | Los Angeles, CA 90017 |
| 13 | **John Rimbach** <br> 510 Camino De Orchidia |
| 14 | Encinitas, CA 92024 |
| 15 | **Monali S. Sheth** <br> Farella Braun and Martel LLP |
| 16 | 235 Montgomery St., 18th Fl. <br> San Francisco, CA 94104 |
| 17 | |
| 18 | **David A. Tartaglio** <br> Musick Peeler and Garrett LLP <br> One Wilshire Blvd., #2000 |
| 19 | Los Angeles, CA 90017 |