1  LOUIS J. CISZ, III (State Bar No. 142060)
   lcisz@nixonpeabody.com
2  GINA M. FORNARIO (Bar No. 246619)
   gfornario@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
4  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
5  Facsimile:  (415) 984-8300

6  Attorneys for Creditors
   AFFORDABLE HOUSING MORH I HOUSING, LLC
7  AFFORDABLE HOUSING OAK CENTER, LLC
   AFFORDABLE HOUSING PLAYA DEL ALAMEDA, LLC
8  AFFORDABLE HOUSING EASTSHORE MANOR I, LP

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>A.F. EVANS COMPANY, INC.,<br><br>            Debtor. | **Case No. 09-41727 EDJ**<br><br>**Chapter 11**<br><br>**LIMITED OPPOSITION TO A.F. EVANS COMPANY'S MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND ASSUME AND ASSIGN PARTNERSHIP INTERESTS**<br><br>**Date:**    October 1, 2010<br>**Time:**   10:00 a.m.<br>**Place:**   Courtroom 215<br>           1300 Clay Street<br>           Oakland California |

Affordable Housing MORH I Housing, LLC ("AHMH"), Affordable Housing Oak Center, LLC ("AHOC"), Affordable Housing Playa del Alameda, LLC ("AHPA"), and Affordable Housing Eastshore Manor I, A Limited Partnership ("AHEM") (collectively "Creditors"), respectfully submit this limited opposition to Debtor A.F. Evans Company, Inc.'s ("Debtor") Motion to Sell Substantially All Assets and Assume and Assign Partnership Interests (the "Motion"), as follows:

///

///

LIMITED OPPOSITION TO A.F. EVANS COMPANY'S
MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND
ASSUME AND ASSIGN PARTNERSHIP INTERESTS - CASE
NO. 09-41727

13138627.3

Case: 09-41727    Doc# 491    Filed: 09/17/10    Entered: 09/17/10 12:43:47    Page 1 of 6

# I.
# INTRODUCTION

Creditors do not object to Debtor's Motion to sell and assign its general partner interests and the capital stock of Debtor's wholly owned subsidiary, Evans Property Management, Inc., *per se*. To the contrary, Creditors are willing to consider Debtor's proposed purchaser, Bayside Communities ("Bayside"), provided Debtor honors Creditors' consent rights and Creditors are furnished with information regarding the Bayside's financials and experience managing affordable housing properties that satisfies the Creditors' underwriting requirements for general partners and property managers. While Debtor represents that it will attempt to obtain consents from the various entities to allow for these assignments, Debtor, nonetheless, "[d]oes not, in any way, waive its right to request the Bankruptcy Court to enter an order assuming and assigning said interests." Debtor's Motion at p. 8.

Under the express terms of the Limited Partnership Agreements, as defined below, California limited partnership law, and substantive provisions of the Bankruptcy Code, Debtor must first obtain Creditors' consent for the sale of its general partner interest and for the assumption and assignment of the Limited Partnership Agreements. Put simply, applicable law prevents Debtor from unilaterally appointing Bayside in its stead to assume its general partnership interest and its obligations under the Limited Partnership Agreement. Creditors, therefore, file this opposition to protect their bargained for consent rights.

# II.
# FACTUAL BACKGROUND

Debtor is a real estate development company that owns general partner interests in several limited partnerships located in California. Debtor's Motion seeks an order authorizing Debtor to sell substantially all its assets, including but not limited to Debtor's thirty-three (33) Partnership and/or Limited Liability Company Member Interests (collectively, "Partnership Interests") and the capital stock of Debtor's wholly owned subsidiary, Evans Property Management ("EPM").

-2-

LIMITED OPPOSITION TO A.F. EVANS COMPANY'S
MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND
ASSUME AND ASSIGN PARTNERSHIP INTERESTS - CASE
NO. 09-41727

13138627.3

Case: 09-41727    Doc# 491    Filed: 09/17/10    Entered: 09/17/10 12:43:47    Page 2 of 6

Creditors' limited opposition focuses on four of the Partnership Interests Debtor intends to sell: (1) MORH Housing Associates, A California Limited Partnership; (2) Oak Center CHC, A California Limited Partnership; (3) Playa del Alameda Associates, A California Limited Partnership; and (4) Eastshore Manor, A California Limited Partnership, (collectively, as amended to date, the "Limited Partnerships"), and the sale of EPM's capital stock to Bayside.

Starting in 1999 and continuing through 2000, Debtor, acting in its capacity as general partner, entered into four agreements of limited partnership, the Eastshore Manor agreement, the Playa del Alameda agreement, the MORH Housing agreement and the Oak Center agreement (collectively, the "Limited Partnership Agreements") with creditors AHEM, AHPA, AHMH, and AHOC, respectively. Declaration of Steven N. West ("West Decl.") in Support of Creditors' Opposition ¶¶2-5, Exs. A-D.

In each of the Limited Partnership Agreements, Debtor, as general partner, has numerous ongoing responsibilities, including, without limitation, the obligation to manage the business of the Limited Partnerships in accordance with the terms of the Limited Partnership Agreements. West Decl. ¶ 2-5, Exs. A-D at pp. 32-34, pp. 39-41, pp. 41-42, p. 40, respectively. Throughout the duration of the Limited Partnerships, Debtor is responsible for providing the aforementioned ongoing contractual duties to the partnership. West Decl. ¶ 6. EPM is the property manager responsible for the day-to-day management of each of the Limited Partnerships.[1] West Decl. ¶ 2-5, Exs. A-D.

Under California law and the Bankruptcy Code, Debtor cannot assume and assign the Limited Partnership Agreements without first obtaining Creditors' consent. Likewise, under California's former Limited Partnership Act and the Limited Partnership Agreement, Debtor has an obligation to obtain Creditors' consent before it can sell, transfer or otherwise convey its general

---

[1] Creditors' object to the sale of EPM's capital stock to Bayside without Creditors' consent. The Limited Partnership Agreements define "Management Agent" to mean EPM "[o]r any successor thereto engaged by the General Partners as management agent for the Project with the consent of the Investor Limited Partner [Creditors]. West Decl. ¶ 2-5, Exs. A-D. Although EPM is remaining the same in name, it is not remaining the same in management or control and, without any information, Creditors are unable to ascertain Bayside's ability to run EPM and the low-income housing tax credit properties owned by the Limited Partnerships.

-3-

LIMITED OPPOSITION TO A.F. EVANS COMPANY'S
MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND
ASSUME AND ASSIGN PARTNERSHIP INTERESTS - CASE

13138627.3

partnership interest. West Decl. ¶ 2-5, Exs. A-D at pp. 41-44, p. 51, pp. 59-61, p. 57, respectively. Both issues are discussed below.

## III.

## DISCUSSION

### A. Although the Limited Partnership Agreements are Executory Contracts, They Cannot Be Assumed and Assigned Without the Creditors' Consent

It is undisputed that the Limited Partnership Agreements are executory contracts. See, e.g., In re Harms, 10 B.R. 817, 821 (Bank. D. Colo. 1981); In re Robert Helms Const. & Develop. Co., Inc. 139 F. 3d 702, 705 & fn. 7 (9th Cir. 1998) (An executory contract is one on which performance remains due to some extent on both sides). While the general rule is that a debtor in possession can assume and assign an executory contract, certain executory contracts, like the Limited Partnership Agreements, cannot. U.S.C. § 365(c)(1)(A-B) (an executory contract may not be assumed or assigned if applicable law excuses the nondebtor from accepting or rendering performance to an entity other than the debtor, and if the nondebtor does not consent to such assumption or assignment); In re Catapult Entertainment, Inc. 165 F. 3d 747, 749 (9th Cir. 1999) (Ninth Circuit held that where applicable non-bankruptcy law makes an executory contract nonassignable because the identity of the nondebtor party is material, a debtor in possession may not assume or assign the contract absent consent of the nondebtor party).

Section 365(c)(1) is generally directed at contracts of a personal nature, or that depend upon a special relationship between the parties, where performance by a particular person or entity to the agreement, is at its essence. Given the fiduciary responsibilities owed between partners and the personal nature of partnership, partnership agreements are generally considered to be based upon a special relationship between the parties and are therefore non-assignable without consent. See In re Harms, *supra,* 10 B.R. at 821 (court found that "[u]nder applicable non-bankruptcy law, the limited partners in a limited partnership do not have to accept substituted performance from other than the one with whom they contracted. The general partner has no right without the consent of all the limited partners to admit a new general partner Colo. Rev. Stat. 7-61-110 (1973); In re Sunset

-4-

LIMITED OPPOSITION TO A.F. EVANS COMPANY'S
MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND
ASSUME AND ASSIGN PARTNERSHIP INTERESTS - CASE
NO. 09-41727

13138627.3

Case: 09-41727   Doc# 491   Filed: 09/17/10   Entered: 09/17/10 12:43:47   Page 4 of 6

Developers, 69 B.R. 710, 712-713 (Bankr. D. Idaho 1987) (A partnership agreement creates a fiduciary agreement among the members of the partnership and is a contract based upon personal trust and confidence).

Here, a special relationship exists between Debtor, as General Partner of the Limited Partnerships, and Creditors, as Limited Partners of the Limited Partnerships. Given the special relationship and the nature of the duties owed by and to each partner, Creditors' consent to Debtor's assumption and assignment of the Limited Partnership Agreements must be obtained.

**B.     Although Creditors Do Not Object To Debtor's Sale Of Its General Partner Interests To Bayside *Per Se*, Debtor Must First Obtain Creditors' Consent and the Requisite Approvals Before It Can Do So**

Under California's former Revised Limited Partnership Act[2], which Act governs the Limited Partnership Agreements, Creditors' have the right to vote on the admission of Bayside. See West Decl. ¶¶2-5, Exs. A-D (Former Cal. Corp. Code § 15636(3) (limited partners shall have the right to vote on admission of a general partner); similar language added at Cal. Corp. Code § 15904.01(d) (A person becomes a general partner with the consent of all partners). Former California Corporations Code section 15671(c) and California Corporations Code section 15904.01(a) likewise permit partnership agreements to restrict a general partner's ability to assume and assign its partnership interest. Former Cal. Corp. Code § 15671(c) (A partnership agreement may provide that a general partner may not assign or encumber a partnership interest in a limited partnership); similar language added at Cal. Corp. Code § 15904.01(a) (A person becomes a general partner as provided in the partnership agreement).

Here, consistent with California law, Section 7.1 of the Limited Partnership Agreements provides that "[n]o General Partner shall have the right to withdraw or Retire voluntarily from the Partnership or sell, assign or encumber his or its interest without the Consent of the Investor Limited Partner and any Requisite Approvals." West Decl. ¶ 2-5, Exs. A-D at pp. 41-44, p. 51, pp. 59-61, p.

---

[2] Effective January 1, 2010, California's Revised Limited Partnership Act was repealed by California's Uniform Limited Partnership Act of 2008 ("ULPA"). Although Cal. Corp. Code § 15904.01 has language preserving consent rights, the ULPA will not affect any action commenced, proceeding brought, or right accrued before its operative date. See Cal. Corp. Code 15912.07.

-5-

LIMITED OPPOSITION TO A.F. EVANS COMPANY'S
MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND
ASSUME AND ASSIGN PARTNERSHIP INTERESTS - CASE
NO. 09-41727

13138627.3

Case: 09-41727    Doc# 491    Filed: 09/17/10    Entered: 09/17/10 12:43:47    Page 5 of 6

57, respectively. Furthermore, as set forth in Section 7.1, before selling, assigning, or encumbering its general partnership interest, Debtor is required to obtain the "Requisite Approvals," as defined in the Limited Partnership Agreements, of "Lender and each Agency [HUD, the Credit Agency]" West Decl. ¶ 2-5, Exs. A-D. If Debtor sells its general partnership interests without first obtaining the Requisite Approvals from the Lender and the Credit Agency, it would trigger a default and put the affordable housing tax credits at risk.

Therefore, until Debtor obtains Creditors' consent and the Requisite Approvals, Debtor cannot receive an order authorizing it to sell its general partner interests to Bayside.

## IV.

## CONCLUSION

For the aforementioned reasons, Creditors respectfully request that this Court deny Debtor's Motion to sell its partnership interests and assign the Limited Partnership Agreements and the capital stock of Debtor's wholly owned subsidiary, Evans Property Management, Inc., to Bayside until such time as Debtor obtains Creditors' consent and the Requisite Approvals.

DATED: September 17, 2010                NIXON PEABODY LLP

By:  */s/ Gina M. Fornario*
LOUIS J. CISZ, III
GINA M. FORNARIO
Attorneys for Creditors

-6-

LIMITED OPPOSITION TO A.F. EVANS COMPANY'S
MOTION TO SELL SUBSTANTIALLY ALL ASSETS AND
ASSUME AND ASSIGN PARTNERSHIP INTERESTS - CASE

13138627.3

Case: 09-41727   Doc# 491   Filed: 09/17/10   Entered: 09/17/10 12:43:47   Page 6 of 6