**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
A. Eric Aguilera (SBN 192390)
Andrew S. Bisom (SBN 137071)
Kari M. Myron (SBN 158592)
Park Tower
695 Town Center Drive
Suite 700
Telephone:  (714) 384-6500
Facsimile:   (714) 384-6501
abisom@bisomlaw.com

Attorneys for Moving Party and Secured Creditor TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| In re: | Case No. 09-41727 EDJ 11 |
| | Judge: Hon. Edward D. Jellen |
| A.F. EVANS COMPANY, INC. | **MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF MARIE CIECHANOWSKI IN SUPPORT THEREOF** |
| | Date:  November 19, 2010 |
| | Time:  10:00 |
| | Dept.:  215 |

Travelers Property Casualty Co. of America ("Travelers") hereby moves the
Court for an order granting Travelers the following relief:

///
///

1

1.   Granting Travelers relief from the Automatic Stay in order to proceed with the Declaratory Relief action pending in the U.S. District Court, Western District of Washington (Case No. 2:10-cv-01110); and

2.   Such further relief as the Court deems just and proper.

This Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Marie Ciechanowski, all pleadings and evidence filed with the Court, and on such other additional evidence, oral or documentary, that the Court may consider prior to or at the time of the hearing on the Motion.

DATED: November 3, 2010     BOHM, MATSEN, KEGEL & AGUILERA, LLP


A. Eric Aguilera, Esquire
Kari M. Myron, Esquire
Andrew S. Bisom, Esq.
Attorneys for Party and Secured Creditor
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY

Travelers Property Casualty Co. of America ("Travelers") is an insurer of A.F. Evans Company, Inc. ("AFECO") and AFE Spinnaker, LLC, among the jointly administered reorganized debtors herein (collectively, the "Debtors"). Travelers is unaware of any Plan of Reorganization as having been submitted at this time.

Travelers seeks relief from the Automatic Stay in order to proceed with the pending Declaratory Relief action in the case entitled *Travelers Property Casualty Company of America v AF Evans Company, etc et al.*, pending before the U.S. District Court for the Western District of Washington, case no. 2:10-cv-01110 (the "Declaratory Relief Action"). A copy of the operative complaint filed in the Declaratory Relief Action is attached hereto as Exhibit "1" and incorporated by reference.

The relief sought by Travelers relates to the entry of an $8 Million default judgment entered against Debtors – Travelers' insureds – related to their renovation, conversion, marketing, sale, and warranty of a condominium project in Kirkland, Washington, commonly known as The Esplanade Condominiums (the "Project"). AFE Spinnaker, LLC was the named Declarant for the Project that spanned from 2005 to 2006. AFECO was the sole member of AFE Spinnaker, LLC.

Affording the relief requested herein by Travelers may satisfy the claim of Esplanade Condominium Owners Association (the "Association") in this Bankruptcy proceeding, and further, will not impact the Debtors' position in that the Association has agreed to "defend, indemnify and hold harmless" the Debtors "against any suit or claim filed by an insurer … including but not limited to Travelers" as relates to the Project.[1]

---

[1] See, Exhibit "2": CR2A Settlement Agreement, p. 8 at § 5.2, discussed *infra*.

Because the Debtors will not be prejudiced but will rather benefit from the relief sought herein, the Court should grant Travelers relief from the Automatic Stay for the limited purposes set forth above.

## II.  BACKGROUND FACTS

In 2005, AFECO purchased the Project. It was originally constructed more than 20 years prior. AFECO assigned its purchase rights to AFE Spinnaker, LLC. AFE Spinnaker, LLC undertook improvements to the interior of the structures and retained various inspectors to render opinion as to the condition of the buildings.

On or about December 5, 2008 the Association filed the lawsuit *The Esplanade Condominium Association v AFE Spinnaker, LLC, et* (Washington Superior Court – King County, Case No. 08-2-41943-6 SEA) against AFE Spinnaker, LLC, AFECO, and others for certain defects in the construction and improvements to the Project (the "CD Action"). The designated agent for service of process on AFE Spinnaker, LLC was served with Summons and Complaint in the CD Action on or about December 16, 2008.

On or about January 5, 2009, Notice of Appearance was filed erroneously in the CD Action on behalf of AFECO – not AFE Spinnaker, LLC, despite the fact that the latter entity was the only entity served.

On or about March 5, 2009, AFECO commenced Chapter 11 bankruptcy proceedings in this court.

On or about June 23, 2009 the court in the CD Action entered an order of default against AFE Spinnaker, LLC.

On or about March 17, 2010 the Association moved for entry of judgment by default in the CD Action as against AFE Spinnaker, LLC only.

On April 23, 2010 Travelers accepted the defense of Debtors subject to a reservation of rights, asserting various stated policy exclusions, including but not limited to:

4

Case: 09-41727    Doc# 547    Filed: 11/03/10    Entered: 11/03/10 18:26:35    Page 4 of 13

- Insuring Agreement for bodily injury and property damage occurring during the policy period and not known by the insured prior to the inception of the policy, with exclusions for breach of contract and breach of warranties
- Exclusion for "your product"
- Exclusion for "property damage" to "your product"
- Exclusion for "your work"
- Exclusion for "property damage" to "your work"
- Exclusion for Real Estate Development Activities (Form CG D2 36 11 03)
- Exclusion for Designated Entities (Form ILT345 (11/03))
- Exclusion for Fungi or Bacteria (Form CG D2 43 01 02)
- Exclusion for Exterior Insulation and Finish System (Form CG D2 04 06 01)

On or about May 28, 2010 the court in the CD Action denied AFE Spinnaker's motion to set aside the order of default and instead, entered default judgment against AFE Spinnaker, LLC for $8,081,000, reserving ruling on entry of a supplemental judgment by default for attorney fees and punitive damages under Washington's Consumer Protection Act.

On or about July 8, 2010 Travelers filed the Declaratory Relief Action against Debtors and the Association.

On or about July 22, 2010 AFE Spinnaker, LLC, AFECO, and the Association (among others) entered into a settlement agreement and stipulated judgment in the CD Action (the "CR2A Settlement Agreement").[2] By the terms of the agreement, AFE Spinnaker, LLC assigned to the Association (subject to the approval of the Bankruptcy Court), any and all rights, claims, and causes of action it may have against any insurance carrier, including but not limited to Travelers, who was

---

[2] Other parties to the CR2A Settlement Agreement include AF Evans Company, Inc., AF Evans Development, Inc., Richard and Patricia Bell, Victoria Laughlin-Taylor and Andrew W. Taylor, John and Clare Robertson, and RSUI Indemnity Company.

Case: 09-41727    Doc# 547    Filed: 11/03/10    Entered: 11/03/10 18:26:35    Page 5 of 13

purportedly obligated to defend or indemnify it in the CD Action. As a further condition of the settlement reached, AFE Spinnaker, LLC stipulated to the entry of judgment against it, in the amount of $8 Million "plus" attorneys fees and penalties that may be awarded in response to motion by the Association. Given the assignment, the Association agreed not to execute against AFE Spinnaker, LLC.

On or about August 25, 2010 the court in the CD Action granted the Association's motion for entry of supplemental judgment to include (Washington) Consumer Protection Act penalties and attorney fees, thereby increasing the default judgment against AFE Spinnaker, LLC by $659,417.75. The August 31, 2010 Order is attached as Exhibit "3".

Travelers issued commercial insurance policies to AFECO, policy number Y-630-458P8977-TIL-05 for the term June 9, 2005 to June 9, 2006 and policy number Y-630-458P8977-TIL-06 for the term June 9, 2006 to June 9, 2007 (the "Travelers Policies").[3] Declaration of Brian Skinner attached hereto as Exhibit "3" and incorporated herein by reference. On or about April 23, 2010 Travelers accepted the defense of AFE Spinnaker, LLC (and AFECO) subject to a reservation of rights, asserting various exclusions, including but not limited to:

- Insuring Agreement for bodily injury and property damage occurring during the policy period and not known by the insured prior to the inception of the policy, with exclusions for breach of contract and breach of warranties
- Exclusion for "your product"

---

[3] Admittedly Travelers issued policies to AFECO for the years 2001 through the present, however AFE Spinnaker, LLC was added as a named insured on July 28, 2005 and only for the stated policies hereinabove (Form IL T8 00). Further, the 06/07 policy was canceled in October 2006 and rewritten for the term October 1, 2006 to October 1, 2007. AFE Spinnaker, LLC is not a named insured on the re-issued policy. Thus, AFE Spinnaker, LLC is an insured from June 9, 2005 through September 30, 2006 only.

- Exclusion for "property damage" to "your product"
- Exclusion for "your work"
- Exclusion for "property damage" to "your work"
- Exclusion for Real Estate Development Activities (Form CG D2 36 11 03)
- Exclusion for Designated Entities (Form ILT345 (11/03))
- Exclusion for Fungi or Bacteria (Form CG D2 43 01 02)
- Exclusion for Exterior Insulation and Finish System (Form CG D2 04 06 01)

The Debtors' chapter 11 filing and resulting automatic stay has prevented the parties in the Declaratory Relief Action from litigating coverage so as to determine the nature and extent of any obligation of Travelers owing to the Association for purposes of satisfying (or not) the default judgment entered in the CD Action against AFE Spinnaker, LLC. The Automatic Stay precludes any ability to resolve this pending claim.

## III. CAUSE EXISTS FOR GRANTING RELIEF FROM THE AUTOMATIC STAY

Pursuant to *Bankruptcy Code* §362(d)(1), a party-in-interest is entitled to relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest". 11 U.S.C. § 362(d)(1). Cause is not defined in the Bankruptcy Code, rather, it must be determined on a case-by-case basis. See, *Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (citing In re Tucson Estates, 912 F.2d 1162, 1166 (9th Cir. 1990).

There is no rigid test for determining whether an appropriate showing of cause has been made, instead the courts look at the totality of circumstances. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993) ("There is no rigid test for determining whether sufficient cause exists to modify an automatic stay"); *In re Trident Associates, Limited Partnership*, 5 F. 3d 27 (6th Cir. 1995). However, there

1  are certain factors that the courts commonly apply in the context of this analysis.

2  These factors include:

3. 1. The prejudice that will result to the Debtor if the relief is granted;

4. 2. The balance of the hardships as between the moving party and the Debtor; and

5. 3. The moving party's probable success on the merits if the stay is lifted.

6  See, *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993); *In re Peregrine*

7  *Sys., Inc.*, 2005 WL 2401955, at *3 (D. Del. Sept. 29, 2005); *In re Salisbury*, 123

8  B.R. 913 (S.D. Ala. 1990); *In re Milne*, 185 B.R. 280 (N.D. Ill. 1995).

9  An additional consideration for whether to modify the automatic stay is the

10  policies underlying the automatic stay. *In re Continental Airlines, Inc.*, 152 B.R. 420,

11  424 (D. Del. 1993). The legislative history of section 362 shows that a single factor,

12  such as "a desire to permit an action to proceed ... in another tribunal," or "lack of any

13  connection with or interference with the pending bankruptcy case" may establish

14  cause. *In re Rexene Prod. Co.*, 141 B.R. at 574, 576 (Bankr. D. Del. 1992) (citing

15  H.R. Rep. No. 95- 595, 95th Cong., at 343-44 (1977)).

16

17  As discussed below, all of the foregoing factors are all in Travelers' favor so

18  the Court should grant the relief prayed for herein.

19  **A.  No Prejudice to the Debtors**

20  Modifying the automatic stay to proceed with the Declaratory Relief Action

21  will not prejudice the Debtors as they have assigned their rights to satisfy the default

22  judgment in the CD Action, to the Association. Furthermore, in consideration of this

23  assignment, the Association has agreed to defend and indemnify the Debtors in any

24  such subsequent litigation involving the Project, "including but not limited to

25  Travelers".

26  The Debtors will not suffer any prejudice if the automatic stay is modified to

27  allow the Declaratory Relief Action to proceed. The Debtors will not be involved in

28  any further litigation with Travelers, as per the terms of the CRC2 Settlement

Agreement, the Association has accepted their assignment of rights with respect to Travelers. The Association has agreed to defend, indemnify, and hold harmless these Debtors. As such, the Debtors need not incur any further expenses in connection with the Declaratory Relief Action, thus modifying the automatic stay will have no effect on the Debtors' operations.

## B. Balance of Hardships Favors Travelers

As discussed above, the Debtors will suffer no hardship should the Court modify the automatic stay as there will be no further litigation or any payment (satisfaction of judgment) by the Debtors. Travelers would suffer great hardship if the Declaratory Relief Action cannot proceed. In *Rexene*, after finding that the hardship to the debtor was "slight, if any," the court found the hardship to the movants was "considerable" on the ground that the "attorneys, witnesses, documents and parties [were] all located in Texas," and would therefore be "an added logistical burden to [m]ovants if forced to litigate in Delaware." *In re Rexene Prod. Co.*, 141 B.R. at 577. Here, Travelers' attorneys, the witnesses, the documents, and the property at issue are located in Washington. The underlying dispute (the CD Action, from which the Declaratory Relief Action emanates) had no connection with California. It would be a hardship to Travelers to re-start its litigation and begin anew in California, and likewise, the parties would incur unnecessary travel and lodging expenses if the proceeding is moved to California.

## C. Strong Probability of Success

Travelers need only show "a slight probability" of prevailing on the merits. *In re Continental Airlines, Inc.*, 152 B.R. at 424 ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case).

///

///

## IV.   CONCLUSION

Based upon the foregoing, Travelers respectfully represents that there is cause to grant relief from the automatic stay to permit the Declaratory Relief Action to proceed in Washington.

DATED: November 3, 2010     BOHM, MATSEN, KEGEL & AGUILERA, LLP

_____
A. Eric Aguilera, Esquire
Kari M. Myron, Esquire
Andrew S. Bisom, Esquire
Attorneys for Party and Secured Creditor
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

10

Case: 09-41727   Doc# 547   Filed: 11/03/10   Entered: 11/03/10 18:26:35   Page 10 of 13

## DECLARATION OF MARIE CIECHANOWSKI

I, Marie Ciechanowski, do hereby declare and state as follows:

1.     I am over the age of 18, and I am of sound mind.  I am a Major Case Specialist for Travelers Indemnity Company, and am authorized to adjust claims on behalf of Travelers Property Casualty Company of America ("Travelers").  I am assigned to the Major Case Unit Construction Claim Department.

2.     I am responsible for handling the claim tendered by the named insureds, A.F. Evans Company, Inc. ("AFECO") and AFE Spinnaker, LLC, among the jointly administered reorganized debtors herein (collectively, the "Debtors"), related to The Esplanade Condominiums.  As to each of the following facts, they are based upon my own personal knowledge and/or upon my review of the claim file maintained in the ordinary course of business.

3.     The relief sought by Travelers involves the development located in Kirkland, Washington (the "Project") and consisting of 19 buildings containing 171 individual units.  AFECO purchased the Project in July 2005.  On July 28, 2005, AFE Spinnaker, LLC was added as a named insured to the AFECO policy issued by Travelers.

4.     On July 7, 2010 Travelers filed its Declaratory Relief Action in the United States District Court for the Western District of Washington.  See, Exhibit "1".

5.     I am informed and believe and based thereon allege that by way of Notice of Appearance filed on or about July 23, 2010 in the Declaratory Relief Action, the Debtors and the Association invoked the Automatic Stay.

6.     On or about December 5, 2008, the Association commenced litigation against various entities in the King County Superior Court (in the State of Washington), including but not limited to the Debtors, Case no. 08-2-41943-6 SEA (the "CD Action").  The Association alleged that in the purchase and sale agreements for the project units, the unit purchasers were presented a limited warranty addendum

to the purchase and sale agreement and that such limitations of warranties violated the Washington Condominium Act. The CD Action asserts causes of action for declaratory judgment, breach of implied warranties under the Washington Condominium Act, actual or punitive damages for failure to deliver valid public offering statement, misrepresentations, fraudulent concealment, breach of fiduciary duty, violation of the Consumer Protection Act, relief from fraudulent transfers, appointment of receiver, and breach of contract or warranty.

7.      Travelers issued a commercial liability insurance policies to the Debtors, policy number Y-630458P8977-TIL-05 for the term June 9, 2005 to June 9, 2006 and policy number Y-630458P8977-TIL-06 for the term June 9, 2006 to June 9, 2007 (the "Travelers Policies"). However, the latter policy was canceled and re-written for the term October 1, 2006 to October 1, 2007, removing AFE Spinnaker, LLC as a named insured as of October 1, 2006.

8.      Pursuant to the terms of the Debtors' policies, there is no potential for indemnification for any damages alleged that pre-date or post-date the subject Travelers Policies as AFE Spinnaker, LLC was only added as a named insured for these policy terms. To the extent that any property damage claimed in the CD Action (and encompassed in the default judgment against AFE Spinnaker, LLC) first presented following the expiration of the Travelers Policies, Travelers cannot have any obligation to indemnify AFE Spinnaker, LLC.

9.      On or about March 5, 2009, AFECO commenced Chapter 11 bankruptcy proceedings in this court.

10.     On or about June 23, 2009 the court in the CD Action entered an order of default against AFE Spinnaker, LLC. On or about March 17, 2010 the Association moved for entry of judgment by default against AFE Spinnaker, LLC in the CD Action.

MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

11.    On April 23, 2010 Travelers accepted the tenders of AFECO and AFE Spinnaker, LLC in the CD Action, subject to a reservation or rights related to, among other things, the insuring agreement limiting the policy to claims for bodily injury and property damage occurring during the policy period and not known by the insured prior to the inception of the policy, exclusions for breach of contract and breach of warranties, "your product", "property damage" to "your product", "your work", "property damage" to "your work", real estate development activities, designated entities, fungi or bacteria, and/or exterior insulation and finish systems.

12.    On or about May 28, 2010 the court in the CD Action denied AFE Spinnaker's motion to set aside the order of default and instead, entered default judgment against AFE Spinnaker, LLC for $8,081,000, reserving ruling on entry of a supplemental judgment by default for attorney fees and punitive damages under Washington's Consumer Protection Act.

13.    On or about July 22, 2010 AFE Spinnaker, LLC, AFECO, and the Association (among others) entered into the CR2A Settlement Agreement.  See, Exhibit "2".

14.    On or about August 25, 2010 the court in the CD Action granted the Association's motion for entry of supplemental judgment to include (Washington) Consumer Protection Act penalties and attorney fees, thereby increasing the default judgment against AFE Spinnaker, LLC by $659,417.75. See, Exhibit "3".

Executed this 26th day of October, 2010, in Portland, Oregon.


Marie Ciechanowski