**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
A. Eric Aguilera (SBN 192390)
Andrew S. Bisom (SBN 137071)
Kari M. Myron (SBN 158592)
Park Tower
695 Town Center Drive
Suite 700
Telephone:  (714) 384-6500
Facsimile:  (714) 384-6501
abisom@bisomlaw.com


Attorneys for Moving Party and Secured Creditor TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| In re:<br><br>A.F. EVANS COMPANY, INC. | Case No. 09-41727 EDJ 11<br>Judge: Hon. Edward D. Jellen<br><br>**MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF MARIE CIECHANOWSKI IN SUPPORT THEREOF**<br><br>Date:  March 11, 2011<br>Time:  10:00<br>Dept.:  215 |

Travelers Property Casualty Co. of America ("Travelers") hereby moves the Court for an order granting Travelers the following relief:

///

///

1    1.    Granting Travelers relief from the Automatic Stay in order to proceed

2  with the Declaratory Relief action pending in the U.S. District Court, Western District

3  of Washington (Case No. 2:10-cv-01110); and

4    2.    Such further relief as the Court deems just and proper.

5  This Motion is based upon the attached Memorandum of Points and

6  Authorities, the Declaration of Marie Ciechanowski, all pleadings and evidence filed

7  with the Court, and on such other additional evidence, oral or documentary, that the

8  Court may consider prior to or at the time of the hearing on the Motion.

9  DATED: November 3, 2010    BOHM, MATSEN, KEGEL & AGUILERA, LLP

10

11

12

13  _____

14  A. Eric Aguilera, Esquire
   Kari M. Myron, Esquire

15  Andrew S. Bisom, Esq.
   Attorneys for Party and Secured Creditor

16  TRAVELERS PROPERTY CASUALTY
   COMPANY OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Travelers Property Casualty Co. of America ("Travelers") is an insurer of A.F. Evans Company, Inc. ("AFECO") and AFE Spinnaker, LLC, among the jointly administered reorganized debtors herein (collectively, the "Debtors"). Travelers is unaware of any Plan of Reorganization as having been submitted at this time.

Travelers seeks relief from the Automatic Stay in order to proceed with the pending Declaratory Relief action in the case entitled *Travelers Property Casualty Company of America v AF Evans Company, etc et al.,* pending before the U.S. District Court for the Western District of Washington, case no. 2:10-cv-01110 (the "Declaratory Relief Action"). A copy of the operative complaint filed in the Declaratory Relief Action is attached hereto as Exhibit "1" and incorporated by reference.

The relief sought by Travelers relates to the entry of an $8 Million default judgment entered against Debtors – Travelers' insureds – related to their renovation, conversion, marketing, sale, and warranty of a condominium project in Kirkland, Washington, commonly known as The Esplanade Condominiums (the "Project"). AFE Spinnaker, LLC was the named Declarant for the Project that spanned from 2005 to 2006. AFECO was the sole member of AFE Spinnaker, LLC.

Affording the relief requested herein by Travelers may satisfy the claim of Esplanade Condominium Owners Association (the "Association") in this Bankruptcy proceeding, and further, will not impact the Debtors' position in that the Association has agreed to "defend, indemnify and hold harmless" the Debtors "against any suit or claim filed by an insurer … including but not limited to Travelers" as relates to the Project.[1]

---

[1] See, Exhibit "2": CR2A Settlement Agreement, p. 8 at § 5.2, discussed *infra*.

1  Because the Debtors will not be prejudiced but will rather benefit from the

2  relief sought herein, the Court should grant Travelers relief from the Automatic Stay

3  for the limited purposes set forth above.

4  **II.    BACKGROUND FACTS**

5      In 2005, AFECO purchased the Project. It was originally constructed more

6  than 20 years prior. AFECO assigned its purchase rights to AFE Spinnaker, LLC.

7  AFE Spinnaker, LLC undertook improvements to the interior of the structures and

8  retained various inspectors to render opinion as to the condition of the buildings.

9      On or about December 5, 2008 the Association filed the lawsuit *The Esplanade*

10  *Condominium Association v AFE Spinnaker, LLC, et* (Washington Superior Court –

11  King County, Case No. 08-2-41943-6 SEA) against AFE Spinnaker, LLC, AFECO,

12  and others for certain defects in the construction and improvements to the Project (the

13  "CD Action"). The designated agent for service of process on AFE Spinnaker, LLC

14  was served with Summons and Complaint in the CD Action on or about December

15  16, 2008.

16      On or about January 5, 2009, Notice of Appearance was filed erroneously in

17  the CD Action on behalf of AFECO – not AFE Spinnaker, LLC, despite the fact that

18  the latter entity was the only entity served.

19

20      On or about March 5, 2009, AFECO commenced Chapter 11 bankruptcy

21  proceedings in this court.

22      On or about June 23, 2009 the court in the CD Action entered an order of

23  default against AFE Spinnaker, LLC.

24      On or about March 17, 2010 the Association moved for entry of judgment by

25  default in the CD Action as against AFE Spinnaker, LLC only.

26      On April 23, 2010 Travelers accepted the defense of Debtors subject to a

27  reservation of rights, asserting various stated policy exclusions, including but not

28  limited to:

4

- Insuring Agreement for bodily injury and property damage occurring during the policy period and not known by the insured prior to the inception of the policy, with exclusions for breach of contract and breach of warranties
- Exclusion for "your product"
- Exclusion for "property damage" to "your product"
- Exclusion for "your work"
- Exclusion for "property damage" to "your work"
- Exclusion for Real Estate Development Activities (Form CG D2 36 11 03)
- Exclusion for Designated Entities (Form ILT345 (11/03))
- Exclusion for Fungi or Bacteria (Form CG D2 43 01 02)
- Exclusion for Exterior Insulation and Finish System (Form CG D2 04 06 01)

On or about May 28, 2010 the court in the CD Action denied AFE Spinnaker's motion to set aside the order of default and instead, entered default judgment against AFE Spinnaker, LLC for $8,081,000, reserving ruling on entry of a supplemental judgment by default for attorney fees and punitive damages under Washington's Consumer Protection Act.

On or about July 8, 2010 Travelers filed the Declaratory Relief Action against Debtors and the Association.

On or about July 22, 2010 AFE Spinnaker, LLC, AFECO, and the Association (among others) entered into a settlement agreement and stipulated judgment in the CD Action (the "CR2A Settlement Agreement").[2]  By the terms of the agreement, AFE Spinnaker, LLC assigned to the Association (subject to the approval of the Bankruptcy Court), any and all rights, claims, and causes of action it may have against any insurance carrier, including but not limited to Travelers, who was

---

[2] Other parties to the CR2A Settlement Agreement include AF Evans Company, Inc., AF Evans Development, Inc., Richard and Patricia Bell, Victoria Laughlin-Taylor and Andrew W. Taylor, John and Clare Robertson, and RSUI Indemnity Company.

5

1   purportedly obligated to defend or indemnify it in the CD Action. As a further
2   condition of the settlement reached, AFE Spinnaker, LLC stipulated to the entry of
3   judgment against it, in the amount of $8 Million "plus" attorneys fees and penalties
4   that may be awarded in response to motion by the Association. Given the
5   assignment, the Association agreed not to execute against AFE Spinnaker, LLC.

6       On or about August 25, 2010 the court in the CD Action granted the
7   Association's motion for entry of supplemental judgment to include (Washington)
8   Consumer Protection Act penalties and attorney fees, thereby increasing the default
9   judgment against AFE Spinnaker, LLC by $659,417.75. The August 31, 2010 Order
10  is attached as Exhibit "3".

11      Travelers issued commercial insurance policies to AFECO, policy number Y-
12  630-458P8977-TIL-05 for the term June 9, 2005 to June 9, 2006 and policy number
13  Y-630-458P8977-TIL-06 for the term June 9, 2006 to June 9, 2007 (the "Travelers
14  Policies").[3]  Declaration of Brian Skinner attached hereto as Exhibit "3" and
15  incorporated herein by reference. On or about April 23, 2010 Travelers accepted the
16  defense of AFE Spinnaker, LLC (and AFECO) subject to a reservation of rights,
17  asserting various exclusions, including but not limited to:

18  • Insuring Agreement for bodily injury and property damage occurring during
19    the policy period and not known by the insured prior to the inception of the
20    policy, with exclusions for breach of contract and breach of warranties

21  • Exclusion for "your product"

---

[3] Admittedly Travelers issued policies to AFECO for the years 2001 through the present, however AFE Spinnaker, LLC was added as a named insured on July 28, 2005 and only for the stated policies hereinabove (Form IL T8 00). Further, the 06/07 policy was canceled in October 2006 and rewritten for the term October 1, 2006 to October 1, 2007. AFE Spinnaker, LLC is not a named insured on the re-issued policy. Thus, AFE Spinnaker, LLC is an insured from June 9, 2005 through September 30, 2006 only.

6

- Exclusion for "property damage" to "your product"
- Exclusion for "your work"
- Exclusion for "property damage" to "your work"
- Exclusion for Real Estate Development Activities (Form CG D2 36 11 03)
- Exclusion for Designated Entities (Form ILT345 (11/03))
- Exclusion for Fungi or Bacteria (Form CG D2 43 01 02)
- Exclusion for Exterior Insulation and Finish System (Form CG D2 04 06 01)

The Debtors' chapter 11 filing and resulting automatic stay has prevented the parties in the Declaratory Relief Action from litigating coverage so as to determine the nature and extent of any obligation of Travelers owing to the Association for purposes of satisfying (or not) the default judgment entered in the CD Action against AFE Spinnaker, LLC. The Automatic Stay precludes any ability to resolve this pending claim.

## III.   CAUSE EXISTS FOR GRANTING RELIEF FROM THE AUTOMATIC STAY

Pursuant to *Bankruptcy Code* §362(d)(1), a party-in-interest is entitled to relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest". 11 U.S.C. § 362(d)(1). Cause is not defined in the Bankruptcy Code, rather, it must be determined on a case-by-case basis. See, *Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (citing In re Tucson Estates, 912 F.2d 1162, 1166 (9th Cir. 1990).

There is no rigid test for determining whether an appropriate showing of cause has been made, instead the courts look at the totality of circumstances. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993) ("There is no rigid test for determining whether sufficient cause exists to modify an automatic stay"); *In re Trident Associates, Limited Partnership*, 5 F. 3d 27 (6th Cir. 1995). However, there

Case: 09-41727    Doc# 50N FOR ORDER GRANTING RELIEF FROM 125/AUTOMATIC STAY Page 7 of 61

are certain factors that the courts commonly apply in the context of this analysis. These factors include:

1. The prejudice that will result to the Debtor if the relief is granted;

2. The balance of the hardships as between the moving party and the Debtor; and

3. The moving party's probable success on the merits if the stay is lifted.

See, *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993); *In re Peregrine Sys., Inc.*, 2005 WL 2401955, at *3 (D. Del. Sept. 29, 2005); *In re Salisbury*, 123 B.R. 913 (S.D. Ala. 1990); *In re Milne*, 185 B.R. 280 (N.D. Ill. 1995).

An additional consideration for whether to modify the automatic stay is the policies underlying the automatic stay. *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993). The legislative history of section 362 shows that a single factor, such as "a desire to permit an action to proceed ... in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case" may establish cause. *In re Rexene Prod. Co.*, 141 B.R. at 574, 576 (Bankr. D. Del. 1992) (citing H.R. Rep. No. 95- 595, 95th Cong., at 343-44 (1977)).

As discussed below, all of the foregoing factors are all in Travelers' favor so the Court should grant the relief prayed for herein.

### A.    No Prejudice to the Debtors

Modifying the automatic stay to proceed with the Declaratory Relief Action will not prejudice the Debtors as they have assigned their rights to satisfy the default judgment in the CD Action, to the Association. Furthermore, in consideration of this assignment, the Association has agreed to defend and indemnify the Debtors in any such subsequent litigation involving the Project, "including but not limited to Travelers".

The Debtors will not suffer any prejudice if the automatic stay is modified to allow the Declaratory Relief Action to proceed. The Debtors will not be involved in any further litigation with Travelers, as per the terms of the CRC2 Settlement

Agreement, the Association has accepted their assignment of rights with respect to Travelers. The Association has agreed to defend, indemnify, and hold harmless these Debtors. As such, the Debtors need not incur any further expenses in connection with the Declaratory Relief Action, thus modifying the automatic stay will have no effect on the Debtors' operations.

**B.      Balance of Hardships Favors Travelers**

As discussed above, the Debtors will suffer no hardship should the Court modify the automatic stay as there will be no further litigation or any payment (satisfaction of judgment) by the Debtors. Travelers would suffer great hardship if the Declaratory Relief Action cannot proceed. In *Rexene*, after finding that the hardship to the debtor was "slight, if any," the court found the hardship to the movants was "considerable" on the ground that the "attorneys, witnesses, documents and parties [were] all located in Texas," and would therefore be "an added logistical burden to [m]ovants if forced to litigate in Delaware." *In re Rexene Prod. Co.*, 141 B.R. at 577. Here, Travelers' attorneys, the witnesses, the documents, and the property at issue are located in Washington. The underlying dispute (the CD Action, from which the Declaratory Relief Action emanates) had no connection with California. It would be a hardship to Travelers to re-start its litigation and begin anew in California, and likewise, the parties would incur unnecessary travel and lodging expenses if the proceeding is moved to California.

**C.      Strong Probability of Success**

Travelers need only show "a slight probability" of prevailing on the merits. *In re Continental Airlines, Inc.*, 152 B.R. at 424 ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case).

///

///

1  **IV.  CONCLUSION**

2         Based upon the foregoing, Travelers respectfully represents that there is cause

3  to grant relief from the automatic stay to permit the Declaratory Relief Action to

4  proceed in Washington.

5

6  DATED: November 3, 2010     BOHM, MATSEN, KEGEL & AGUILERA, LLP

7

8

9

10

11         A. Eric Aguilera, Esquire
           Kari M. Myron, Esquire
12         Andrew S. Bisom, Esquire
13         Attorneys for Party and Secured Creditor
           TRAVELERS PROPERTY CASUALTY
14         COMPANY OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF MARIE CIECHANOWSKI

I, Marie Ciechanowski, do hereby declare and state as follows:

1.  I am over the age of 18, and I am of sound mind. I am a Major Case Specialist for Travelers Indemnity Company, and am authorized to adjust claims on behalf of Travelers Property Casualty Company of America ("Travelers"). I am assigned to the Major Case Unit Construction Claim Department.

2.  I am responsible for handling the claim tendered by the named insureds, A.F. Evans Company, Inc. ("AFECO") and AFE Spinnaker, LLC, among the jointly administered reorganized debtors herein (collectively, the "Debtors"), related to The Esplanade Condominiums. As to each of the following facts, they are based upon my own personal knowledge and/or upon my review of the claim file maintained in the ordinary course of business.

3.  The relief sought by Travelers involves the development located in Kirkland, Washington (the "Project") and consisting of 19 buildings containing 171 individual units. AFECO purchased the Project in July 2005. On July 28, 2005, AFE Spinnaker, LLC was added as a named insured to the AFECO policy issued by Travelers.

4.  On July 7, 2010 Travelers filed its Declaratory Relief Action in the United States District Court for the Western District of Washington. See, Exhibit "1".

5.  I am informed and believe and based thereon allege that by way of Notice of Appearance filed on or about July 23, 2010 in the Declaratory Relief Action, the Debtors and the Association invoked the Automatic Stay.

6.  On or about December 5, 2008, the Association commenced litigation against various entities in the King County Superior Court (in the State of Washington), including but not limited to the Debtors, Case no. 08-2-41943-6 SEA (the "CD Action"). The Association alleged that in the purchase and sale agreements for the project units, the unit purchasers were presented a limited warranty addendum

11

to the purchase and sale agreement and that such limitations of warranties violated the Washington Condominium Act. The CD Action asserts causes of action for declaratory judgment, breach of implied warranties under the Washington Condominium Act, actual or punitive damages for failure to deliver valid public offering statement, misrepresentations, fraudulent concealment, breach of fiduciary duty, violation of the Consumer Protection Act, relief from fraudulent transfers, appointment of receiver, and breach of contract or warranty.

7.     Travelers issued a commercial liability insurance policies to the Debtors, policy number Y-630458P8977-TIL-05 for the term June 9, 2005 to June 9, 2006 and policy number Y-630458P8977-TIL-06 for the term June 9, 2006 to June 9, 2007 (the "Travelers Policies"). However, the latter policy was canceled and re-written for the term October 1, 2006 to October 1, 2007, removing AFE Spinnaker, LLC as a named insured as of October 1, 2006.

8.     Pursuant to the terms of the Debtors' policies, there is no potential for indemnification for any damages alleged that pre-date or post-date the subject Travelers Policies as AFE Spinnaker, LLC was only added as a named insured for these policy terms. To the extent that any property damage claimed in the CD Action (and encompassed in the default judgment against AFE Spinnaker, LLC) first presented following the expiration of the Travelers Policies, Travelers cannot have any obligation to indemnify AFE Spinnaker, LLC.

9.     On or about March 5, 2009, AFECO commenced Chapter 11 bankruptcy proceedings in this court.

10.     On or about June 23, 2009 the court in the CD Action entered an order of default against AFE Spinnaker, LLC. On or about March 17, 2010 the Association moved for entry of judgment by default against AFE Spinnaker, LLC in the CD Action.

Case: 09-41727   Doc# 080   Filed: 04/28/10   Entered: 04/28/10 10:18   Page 12 of 61

MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

11.     On April 23, 2010 Travelers accepted the tenders of AFECO and AFE Spinnaker, LLC in the CD Action, subject to a reservation or rights related to, among other things, the insuring agreement limiting the policy to claims for bodily injury and property damage occurring during the policy period and not known by the insured prior to the inception of the policy, exclusions for breach of contract and breach of warranties, "your product", "property damage" to "your product", "your work", "property damage" to "your work", real estate development activities, designated entities, fungi or bacteria, and/or exterior insulation and finish systems.

12.     On or about May 28, 2010 the court in the CD Action denied AFE Spinnaker's motion to set aside the order of default and instead, entered default judgment against AFE Spinnaker, LLC for $8,081,000, reserving ruling on entry of a supplemental judgment by default for attorney fees and punitive damages under Washington's Consumer Protection Act.

13.     On or about July 22, 2010 AFE Spinnaker, LLC, AFECO, and the Association (among others) entered into the CR2A Settlement Agreement.  See, Exhibit "2".

14.     On or about August 25, 2010 the court in the CD Action granted the Association's motion for entry of supplemental judgment to include (Washington) Consumer Protection Act penalties and attorney fees, thereby increasing the default judgment against AFE Spinnaker, LLC by $659,417.75.  See, Exhibit "3".

Executed this 26ᵗʰ day of October, 2010, in Portland, Oregon.

Marie Ciechanowski

Case: 09-41727     Doc# 680     MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY     Entered On 11/23/10     Page 13 of 61

# Exhibit 1

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

11  TRAVELERS PROPERTY CASUALTY                )    No.
    COMPANY OF AMERICA, a foreign insurer      )
12                                             )
           Plaintiff,                          )    **TRAVELERS PROPERTY**
13                                             )    **CASUALTY COMPANY OF**
       v.                                      )    **AMERICA'S COMPLAINT FOR**
14                                             )    **DECLARATORY RELIEF**
    AF EVANS COMPANY, a California corporation; )
15  AFE SPINNAKER, a Washington limited liability )
    corporation, AF EVANS DEVELOPMENT INC., a )
16  California corporation, RICHARD BELL, an    )
    individual, JACK ROBERTSON, an individual,  )
17  TORY LAUGHLIN TAYLOR, an individual, and    )
    ESPLANADE CONDOMINIUM ASSOCIATION,          )
18  a Washington non-profit corporation         )
                                               )
19                                             )
           Defendants.                         )
20  _____ )

21                        **I. PARTIES**

22         1.1    Plaintiff Travelers Property Casualty Company of America (hereinafter, "Travelers")

23  is a foreign insurer licensed to conduct the business of insurance in Washington.  Travelers is

24  incorporated in the State of Connecticut.

25         1.2    Defendant AF Evans Company (hereinafter, "AF Evans") is a California corporation.

26  Upon information and belief, AF Evans is the sole owner of AFE Spinnaker, a Washington limited

27  liability corporation and developer of the Esplanade Condominiums (hereinafter, "The Complex").

**COMPLAINT FOR DECLARATORY RELIEF- 1**
F:\FILES\AF Evans_10172\Complaint.DecRelief.wpd

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

1.3    Defendant AFE Spinnaker is a Washington limited liability corporation. Upon information and belief, AFE Spinnaker was the owner and developer of The Complex, located in Kirkland, Washington.

1.4    Defendant AF Evans Development, Inc (hereinafter, "AF Evans Development") is a California corporation. Upon information and belief, AF Evans Development is a wholly owned subsidiary of AF Evans.

1.5    Upon information and belief, Defendant Richard Bell is a resident of Washington State. Upon information and belief, Mr. Bell is a corporate officer of AF Evans.

1.6    Upon information and belief, Defendant Jack Robertson is a resident of Washington State. Upon information and belief, Mr. Robertson was a corporate officer of AFE Spinnaker during the conversion of The Complex to condominiums.

1.7    Upon information and belief, Defendant Tory Laughlin-Taylor is a resident of Washington State. Upon information and belief, Ms. Laughlin-Taylor was a corporate office of AFE Spinnaker during the conversion of The Complex to condominiums.

1.8    Defendant Esplanade Condominium Association (hereinafter, "Esplanade") is a Washington non-profit corporation. Upon information and belief, Esplanade is incorporated in Kirkland, Washington.

## II. JURISDICTION AND VENUE

2.1    Jurisdiction is properly before this Court pursuant to USC Title 28, §1332, et seq in that diversity exists among the parties and the amount in controversy exceeds $75,000.

2.2    This action involves a dispute over the application of insurance coverage for an insurance claim arising in Kirkland, Washington. As a result, venue is properly before this Court.

## III. FACTS

### A.    Conversion of The Complex to Condominiums

3.1    The Complex is a 168 unit complex built in 1982 and 1985, located in Kirkland, Washington.

3.2    The Complex was purchased by AF Evans in 2005 for conversion into

COMPLAINT FOR DECLARATORY RELIEF- 2
F:\FILES\AF Evans 10172\Complaint.DecRelief.wpd

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

1 | condominiums.

2 |      3.3      AF Evans created a special purpose LLC, AFE Spinnaker to conduct the operation

3 | and serve as the declarant under the Washington Condominium Act (WCA). AF Evans is the sole

4 | member of AFE Spinnaker LLC.

5 |      3.4      AF Evans assigned its rights to AFE Spinnaker and AFE Spinnaker then began the

6 | process of converting The Complex into condominiums.

7 |      3.5      As part of the conversion, AFE Spinnaker made certain repairs to the interior of the

8 | buildings and a dispute remains in the underlying case whether any work was performed on the

9 | exterior of The Complex.

10 |      3.6      Upon information and belief, sales of the condominium units were complete in 2007.

11 |      3.7      Sometime in 2008, the condominium owners noted problems with the exterior

12 | envelope of The Complex and the level of repair and maintenance required.

13 | **B.      Underlying Lawsuit**

14 |      4.1      The Esplanade Homeowners Association served AFE Spinnaker on December 22,

15 | 2008 with the underlying lawsuit. The allegations in the underlying lawsuit include breach of

16 | implied warranties under the Washington Condominium Act, failure to provide a valid public

17 | offering statement, misrepresentations or omissions of material facts, fraudulent concealment,

18 | violation of Washington's Consumer Protection Act and improper winding up of a dissolved LLC.

19 |      4.2      AFE Spinnaker never entered a notice of appearance in the underlying lawsuit. A

20 | default motion was subsequently filed by Esplanade. An order of default against AFE Spinnaker was

21 | entered on June 23, 2009. A default judgment was entered against AFE Spinnaker on or about May

22 | 28, 2010 in excess of $8 million.

23 |      4.3      AF Evans, AF Evans Development Co, Bell, Robertson and Laughlin-Taylor were

24 | not added as defendants in the underlying lawsuit until after the entry of default was entered against

25 | AFE Spinnaker.

26 |      4.4      A motion to vacate the entry of default against AFE Spinnaker in the underlying

27 | lawsuit was denied on or about May 28, 2010.

**COMPLAINT FOR DECLARATORY RELIEF- 3**

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 682-0400

F:\FILES\AF Evans_10172\Complaint.DecRelief.wpd

**C.**    **Tender of Claim to Travelers**

5.1    Travelers insured AF Evans under a commercial general liability policy for the periods of June 9, 2000 to present. AFE Spinnaker was added as an insured on the Travelers policy for the period from 6/9/05 to 6/9/06. The policies provide coverage according to the terms and conditions contained therein and not otherwise.

5.2    AFE Spinnaker, AF Evans and AF Evans Development tendered claims to Travelers and RSUI. The tender of the claim to Travelers was not made until November 18, 2009. Prior to this tender, Travelers had no notice of the claims against any defendant until this date.

5.3    Immediately upon notice of the claim, Travelers acknowledged the receipt of the tender and began its investigation of the claim and coverage.

5.4    Travelers agreed to defend AF Evans and AFE Spinnaker pursuant to an express reservation of its rights and defenses under the policy. Travelers assigned defense counsel to represent these entities.

5.5    The applicable policy in force during construction and completion of The Complex was policy number Y-630458P8977-TIL-05, effective 6/9/05 through 6/9/06.

5.6    Travelers denied coverage to AF Evans Development pursuant to an express exclusion of coverage in the policy for this entity.

5.7    No formal tender was made to Travelers by Richard Bell, Jack Robertson, or Tory Laughlin-Taylor.

5.8    RSUI accepted the tender of defense by all Defendants, except Esplanade, and has provided a defense for all Defendants.

**IV. NO LIABILITY OR DEFENSE COVERAGE UNDER THE POLICIES**

6.1    Travelers repeats and reiterates all prior paragraphs as if fully set forth herein.

6.2    There is no coverage available under any of the policies issued to Travelers.

6.3    The policies of insurance provide coverage for resulting property damage that results from the work of an insured that constitutes an occurrence under the policy.

6.4    There exists an actual and justiciable dispute as to whether any actual property

**COMPLAINT FOR DECLARATORY RELIEF- 4**
F:\FILES\AF Evans 101721\Complaint.DecRelief.wpd

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

1  damage resulted from the work of any Defendant.

2       6.5    The policies of insurance exclude coverage for property damage that constitutes the

3  work or product of an insured.

4       6.6    There exists an actual and justiciable dispute as to whether any property damage

5  exists that does not constitute the work or product of any Defendant.

6       6.7    The policies of insurance exclude coverage for property damage to any building

7  owned by the insured.  This exclusion is termed the "owned property exclusion."

8       6.8    There exists an actual and justiciable dispute regarding the application of this policy

9  exclusion based on the ownership of The Complex by the Defendants.

10       6.9    The policies of insurance exclude coverage for any property damage arising out of

11  any "real estate development activities."

12       6.10    There exists an actual and justiciable dispute regarding the application of this policy

13  exclusion based upon the Defendants' development activities with regard to the conversion of The

14  Complex to condominiums.

15       6.11    The policies of insurance contain a "non-cumulation" endorsement that limits

16  coverage available under the Travelers' policies.

17       6.12    There exists an actual and justiciable dispute regarding the application of the non-

18  cumulation endorsement limitation.

19       6.13    The policies of insurance exclude coverage for liability for property damage when

20  such liability is assumed in a contract or agreement.  In other words, the policy excludes coverage

21  for damages related to allegations of breach of contract or breach of implied warranties.

22       6.14    There exists an actual and justiciable dispute regarding the application of the

23  exclusion for damages related to breach of contract or breach of implied warranties.

24       6.15    The policies of insurance require any entity or person insured under the policy to

25  provide prompt notice of any occurrence, claim or suit.

26       6.16    AFE Spinnaker was provided notice of the claim and suit sometime between

27  December 2008 and June 2009 when the default was entered.

**COMPLAINT FOR DECLARATORY RELIEF- 5**

F:\FILES\AF Evans 10172\Complaint.DecRelief.wpd

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

6.17   Following the entry of default in June 2009, the remaining defendants were joined in the underlying lawsuit.

6.18   Despite this notice of the claim and suit, notice was not provided to Travelers until November 2009 long after the default was entered against AFE Spinnaker.

6.19   The late tender violated the terms of the policy of insurance.

6.20   Travelers was prejudiced by this late tender.

6.21   Because of the late tender and prejudice to Travelers, no coverage is owed under any Travelers policy of insurance to any Defendant.

## V. REQUEST FOR DECLARATORY RELIEF

7.1   Travelers repeats and reiterates all prior paragraphs as if fully set forth herein.

7.2   An actual and justiciable controversy exists as to whether any coverage is available to any Defendant under the Travelers policies of insurance as set forth above.

7.3   Travelers requests the Court grant declaratory relief that Travelers has no obligation to provide a defense or any indemnity to any Defendant in the underlying lawsuit because of the lack of liability coverage available to any Defendant under any Travelers' policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Travelers prays for relief as follows:

1.   For a declaration that there is no liability coverage available to Defendants under the policies issued by Travelers.

2.   For a declaration that there is no defense coverage available to Defendants under the policies issued by Travelers.

3.   For reimbursement of any and all defense costs, fees, or expenses incurred in defending any entity claiming to be an insured under the Travelers' policies.

4.   For all interest allowed by law.

5.   For attorney fees and costs allowed by statute and law.

*III*

*III*

COMPLAINT FOR DECLARATORY RELIEF- 6
F:\FILES\AF Evans  10172\Complaint.DecRelief.wpd

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE, SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

6.   For other and further relief as the Court deems just and equitable.

DATED this _____ day of July, 2010

                              COLE, LETHER, WATHEN
                              LEID & HALL, P.C.


                              _____
                              Thomas Lether, WSBA #18089
                              1000 2nd Avenue, Suite 1300
                              Seattle, WA 98104-1082
                              T: 206-622-0494
                              F: 206-587-2476
                              Tlether@clwlh.com
                              Attorneys for Defendant

**COMPLAINT FOR DECLARATORY RELIEF- 7**
F:\FILES\AF Evans  10172\Complaint.DecRelief.wpd

# Exhibit 2

## CR2A SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made as of July 22, 2010 by, between and among Plaintiff ESPLANADE CONDOMINIUM OWNERS ASSOCIATION (the "Association") and Defendants A.F. EVANS COMPANY ("AFECO"), A.F. EVANS DEVELOPMENT, INC. ("AFED"), AFE SPINNAKER, LLC ("SPINNAKER"), RICHARD AND PATRICIA BELL ("BELL"), VICTORIA LAUGHLIN-TAYLOR AND ANDREW W. TAYLOR ("LAUGHLIN-TAYLOR"), JOHN AND CLARE ROBERTSON ("ROBERTSON") and RSUI INDEMNITY COMPANY ("RSUI").

Arthur F. Evans, Cushman-Kirkland, LLC, Gabriel Grant, Alan Greenwald and Jacob McKinstry, and any other past or present officer, director, employee or agent of AFECO, AFED, or SPINNAKER (except those described in paragraphs 1.1 – 1.2 of this Agreement) are the only intended third party beneficiaries of this Agreement.

All parties to this Agreement shall be referred to collectively as the "Settling Parties."

BELL, LAUGHLIN-TAYLOR and ROBERTSON shall be referred to collectively as "the Individual Defendants."

AFECO, AFED and SPINNAKER shall be referred to collectively as "the A.F. Evans Defendants."

The Individual Defendants and A.F. Evans Defendants shall be referred to collectively as "Defendants."

Past, present, and future owners of units at The Esplanade Condominiums shall be referred to collectively as the "Homeowners."

## I. RECITALS

The purpose of this Agreement is to forever settle and resolve the disputes, claims and controversies between and among the Settling Parties arising out of, or relating to the renovation, conversion, marketing, sale and warranty of a condominium project in Kirkland, Washington, commonly known as The Esplanade Condominiums (the "Project"). The Settling Parties contract with reference to the following facts:

1. SPINNAKER is the named declarant for the Project. AFECO, AFED and Cushman-Kirkland, LLC are the members of SPINNAKER. AFED managed the conversion and sale of the Project for SPINNAKER. The Individual Defendants were or are executives of AFECO and/or AFED, and participated in the work of the AF Evans Defendants in converting, marketing and selling the Project.

2. The Association is the Homeowners' Association for the Project.

3. The Association filed an action in King County Superior Court against the AF Evans Defendants and the Individual Defendants under Superior Court Cause No. 08-2-

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 23 of 61

41943-6SEA. Hereinafter the lawsuit will be referred to as the "Action." The Association filed this Action on behalf of itself and on behalf of the Homeowners.

4. On or about March 5, 2009, AFECO commenced Chapter 11 bankruptcy proceedings in the U.S. Bankruptcy Court for the Northern District of California, Oakland Division, under Case Number 09-41727-EDJ.

5. On or about June 23, 2009, the court in the Action entered an order of default against Spinnaker.

6. On or about September 18, 2009, RSUI undertook to defend AFECO, AFED and the Individual Defendants.

7. On or about December 24, 2009, non-party insurer Steadfast Insurance Company ("Steadfast") issued a letter denying a defense to the A.F. Evans Defendants.

8. On or about March 17, 2010, the Association moved the court for entry of a judgment by default against SPINNAKER.

9. On or about April 30, 2010, non-party insurer Travelers Property Casualty Company of America ("Travelers") retained counsel to defend SPINNAKER and AFECO only.

10. On or about May 28, 2010, the court in the Action entered default judgment against Spinnaker in the amount of $8,081,000 and reserved ruling on entry of a supplemental judgment by default for attorney fees and punitive damages under Washington's Consumer Protection Act.

11. Trial in the Action is scheduled to commence on August 16, 2010.

12. The trial court has refused the request of SPINNAKER and AFECO for a trial continuance.

13. On or about July 8, 2010, Travelers filed an action in the United States District Court for the Western District of Washington (2:10-cv-01110-JCC) for declaratory relief against Defendants and the Association ("the Travelers Lawsuit").

## II. AGREEMENT

NOW THEREFORE, in consideration of the actions, forbearances, and mutual promises of the Settling Parties contained herein, the Settling Parties agree as follows:

1. **Assignment of Claims by AF Evans Defendants, Individual Defendants, and RSUI; Authorization to Prosecute Assigned Claims, Duty of Cooperation.**

1.1 **Assignment of Insurance and Insurance Broker Claims.**

Settlement Agreement - Page 2 of 12

Subject to the approval of the bankruptcy court in the case of AFECO, the Defendants hereby assign to the Association any and all rights, claims, and causes of action each and all of them may have against any insurance carrier who was, is, or may be obliged to defend or indemnify any of them in any capacity in this Action, including without limitation all rights and claims for bad faith, for violation of the Consumer Protection Act, and for breach of insurance contract. However, notwithstanding the foregoing, Defendants assign no rights they may have against RSUI. Defendants hereby also assign to the Association any and all rights, claims, and causes of action each and all of them may have against any and all insurance brokers who sold, placed insurance or undertook to tender defense of any of the Defendants. Defendants acknowledge that by assigning the foregoing claims to the Association, each is giving up any and all interest in the Assigned Claims against the insurers, and any recovery or proceeds that result from the Assigned Claims.

### 1.2 Assignment of Subrogation and Contribution Claims for Defense Costs.

RSUI and Defendants hereby assign to the Association any and all rights and claims each may have against any person, and any insurance carrier who was, is, or may be obliged to defend or indemnify any of the Defendants in this Action for attorney fees, costs, and expenses of any sort incurred by RSUI in the defense of the Defendants in the Action. Defendants and RSUI acknowledge that by assigning the foregoing claims to the Association, each is giving up, on behalf of itself and its insurers, any and all interest in the Assigned Claims. The claims assigned to the Association pursuant to paragraphs 1.1 and 1.2 shall be referred to as "the Assigned Claims".

### 1.3 Authorization to Prosecute Assigned Claims.

Defendants hereby authorize the Association, through its Board of Directors, to prosecute and settle the Assigned Claims, all in the sole discretion of the Association's Board.

### 1.4 Duty of Cooperation.

1.4.1 Defendants and RSUI each agree to fully cooperate with the Association in the prosecution of the Assigned Claims. Without limiting the generality of the foregoing, Defendants and RSUI will, when requested by the Association, provide documents and/or testimony at trial or at deposition without the necessity of a subpoena or other legal process, subject to the limitations set forth in paragraph 1.4.3 and except as provided in paragraph 1.4.5, without cost to the Association over and above the cost of copying, transportation, and reasonable travel expenses. Defendants and RSUI agree that in addition to providing testimony at deposition, or at trial, they will also upon request, and subject to the limitations set forth in paragraph 1.4.3, make representatives, members, and agents available for interviews by the Association's counsel, and review and sign any true and correct declarations or affidavits that may be requested by the Association.

1.4.2 Defendants' hereby instruct their attorneys to immediately copy and send to Levin & Stein all communications regarding this Action with Travelers, Steadfast, Heffernan, and any other insurer, other than RSUI, or insurance broker that communicated with

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 25 of 61

Travelers and/or Steadfast regarding this Action. To the extent that any such documents may be privileged or work product, Defendants hereby waive the privilege and work-product protection. Defendants hereby instruct their attorneys to prepare and send to Levin & Stein, upon request by the Association, a declaration setting forth the total amount billed in defense of the Action; including the hourly rate and hours worked by each attorney.

      **1.4.3**    Upon request by the Association, Defendants shall instruct their attorneys to provide billing entries and time sheets to Levin & Stein. Time sheets may be redacted to exclude privileged attorney-client communications and work product. In addition, upon request by the Association, the A.F. Evans Defendants shall instruct defense counsel for the A.F. Evans Defendants retained by RSUI to provide copies of reports made to RSUI showing factual information about the Action reported by defense counsel to RSUI, redacted to exclude work product analysis of the claims and any other privileged attorney-client communications. The foregoing information shall not be requested by the Association unless reasonably needed by the Association for prosecuting any of the Assigned Claims; responding to discovery requests in litigation to enforce the Assigned Claims; or responding to any motion filed by any party in litigation to enforce the Assigned Claims. The Association shall pay for the copying costs described in this paragraph. In the event that the Defendants claim that the information requested is not reasonably needed by the Association, either the Association or the Defendants may submit the matter to determination in a private binding arbitration by a mutually agreed-upon retired King County Superior Court judge. Should the Settling Parties fail to reach agreement regarding the appointment of an arbitrator, the Settling Parties agree that the court may select an arbitrator on the Settling Parties' behalf.

      **1.4.4**    Defense counsel in the Action for the A.F. Evans Defendants shall assist the Association in preparation of pleadings and declarations for a reasonableness hearing by reviewing and approving or modifying same, appear at reasonableness hearings if requested without charge to the Association. Except as provided in this paragraph, if additional assistance is needed from defense counsel for the A.F. Evans Defendants in prosecuting the Assigned Claims, the Association will pay defense counsel for the reasonable time they spend providing such assistance at the same rate RSUI would otherwise compensate defense counsel.

      **1.4.5**    The Individual Defendants will each provide 10 hours of assistance free of charge to the Association in prosecuting the Assigned Claims. For any time spent by any of the Individual Defendants in excess of 10 hours the Association agrees to compensate that Individual Defendant at the rate of $200 per hour. In addition, for Robertson and Bell, the Association agrees to pay reasonable expenses incurred by Robertson or Bell for travel to and from Seattle and for meals and lodging while in Seattle at the Association's request. The Association agrees to pay reasonable expenses for travel and lodging while in Seattle at the Association's request to Laughlin-Taylor, if she should move out of King County, Washington. This paragraph, however, shall not apply to the Individual Defendants' attorneys, who shall continue to be paid by RSUI for their time to fulfill the terms of this Agreement. Any dispute with respect to compensation or expenses due to any of the Individual Defendants may be submitted for determination in a private binding arbitration by a mutually agreed-upon retired King County Superior Court judge. Should the Settling Parties fail to reach agreement regarding the appointment of an arbitrator, the Settling Parties agree that the court may select an arbitrator on the Settling Parties' behalf.

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 26 of 61

2.  **Stipulated Judgments, Reasonableness Hearing, Enforcement of Stipulated Judgments, and Covenant Not to Execute.**

2.1  **Determination of Attorney Fees, Costs, and CPA Penalties.**

The Association shall bring a motion for supplemental judgment against Spinnaker for an award of reasonable attorney fees, costs, and an award of statutory penalties for violation of the Consumer Protection Act pursuant to the default judgment entered in the Action. The A.F. Evans Defendants shall contest that motion, and instruct defense counsel to do so in full compliance with counsel's obligations of zealous advocacy. The court shall be advised that the Settling Parties have reached a settlement agreement, and that the amount of the settlement depends, in part, on the outcome of court's determination. In the event that the court declines to make a determination of fees, costs, or CPA penalties, the Association and A.F. Evans Defendants shall submit the matter to determination in private arbitration by a mutually agreed-upon retired King County Superior Court judge.

2.2  **Stipulation to Judgments and Entry of Judgments, Bankruptcy Court Approval as to AFECO.**

Strictly subject to and conditioned upon the covenants set forth in paragraphs 2.4 - 2.4.4 below, and upon determination of attorney fees, costs, and CPA penalties as described above, the A.F. Evans Defendants shall sign and deliver to the Association the Stipulated Judgments against each of them, substantially in the forms attached hereto as Appendices A, B and C, in favor of the Association, and in the following amounts:

SPINNAKER:              $8,000,000 (Eight Million Dollars), plus Attorney Fees, costs, and CPA Penalties pursuant to paragraph 2.1 above.

AFECO:              $7,200,000 (Seven Million, Two Hundred Thousand Dollars), plus Attorney Fees, costs, and CPA Penalties pursuant to paragraph 2.1 above.

AFED:              $7,200,000 (Seven Million, Two Hundred Thousand Dollars), plus Attorney Fees, costs, and CPA Penalties pursuant to paragraph 2.1 above.

As to SPINNAKER, the Stipulated Judgment shall supersede and replace the prior default judgment.

The Association may enter these judgments at any time of its choosing, excepting only that the Association must procure approval of the bankruptcy court before entering a Stipulated Judgment against AFECO. Defendants shall not oppose any request by Association for bankruptcy court approval of the settlement, assignment, request for relief from stay to prosecute the Assigned Claims, or entry of a Stipulated Judgment herein. In the event that the bankruptcy court refuses to approve this Agreement, the Stipulated Judgment amount as to

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 27 of 61

AFECO may be adjusted downward at the request of the Association so as to obtain bankruptcy court approval.

### 2.3 Reasonableness Hearing.

At any time of the Association's choosing, the Association and the A.F. Evans Defendants shall jointly file a Motion in this Action requesting a ruling that this settlement is reasonable, pursuant to *Chausee v. Maryland Casualty Co.*, 60 Wn. App. 504, 803 P.2d 1339 (1991). If the trial court does not agree after the reasonableness hearing that these judgment amounts are reasonable, then the Association and the A.F. Evans Defendants will stipulate to entry of judgments in an amount that the court does deem reasonable, or which the Settling Parties believe the court will find reasonable, and to vacating the original judgments and re-entering revised ones as necessary. The Association and the A.F. Evans Defendants agree to repeat this process as necessary in order to achieve Stipulated Judgment amounts that the trial court deems reasonable.

### 2.4 Covenants:

### 2.4.1 Not To Execute As To SPINNAKER and AFED.

The Association hereby covenants that it will not execute upon the Stipulated Judgments against SPINNAKER and AFED, or, excepting AFECO, their respective agents, members, partners, shareholders, directors, officers, affiliates, parents subsidiaries, purported alter egos, or their other assets, and shall not cause said Stipulated Judgments against SPINNAKER or AFED to be recorded in any state of the United States of America other than as a judgment filed with the Superior Court in Washington state.

### 2.4.2 To Limit Execution As To AFECO.

The Association may, to the fullest extent permitted by law, enforce the Stipulated Judgment against AFECO provided for by this Settlement Agreement as an unsecured creditor in AFECO's Chapter 11 proceeding, or otherwise should AFECO convert to Chapter 7 or emerge from bankruptcy. However, any payments or collection from AFECO on the Stipulated Judgment shall be held by the Association's attorneys in escrow until prosecution of the Assigned Claims is complete. When, if, and to the extent that payments by AFECO (and not by its insurers), when added to all cash recoveries from prosecution of the Assigned Claims and from RSUI pursuant to this Agreement, shall exceed the principal amount of the Stipulated Judgment against AFECO plus accrued interest, then the Association shall return any such excess payments by AFECO to AFECO or to its trustee in bankruptcy, and waive any further claim to the assets of AFECO's estate.

### 2.4.3 Dismissal and Contingent Release As To Individual Defendants.

The Association and, to the full extent of the Association's legal authority to bind them, the Homeowners, hereby release the Individual Defendants from any and all claims, known or unknown, fixed or contingent, which arise from, relate to or are connected in any way with the Action or the Project, including without limitation the renovation, conversion,

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 28 of 61

marketing, sale and warranty of the Project, and/or that were or could have been asserted in the Action. Notwithstanding the foregoing, should any court determine that the Assigned Claims are in any way impaired by reason of the release in this paragraph, then this release shall be void at the election of the Association. In the event this release is voided, the Association on behalf of itself and, to the full extent of its legal authority to bind them, the Homeowners, covenant not to sue or otherwise assert any claims against the Individual Defendants, whether such claims are known or unknown, fixed or contingent, which arise from, relate to or are connected in any way with the Action or the Project, including without limitation the renovation, conversion, marketing, sale and warranty of the Project, and/or that were or could have been asserted in the Action. Upon payment of the settlement sum called for in Paragraph 3.0 of this Agreement, the Association shall dismiss the individual Defendants from the Action without prejudice.

### 2.4.4 Release As to Others

Except with respect to prosecution of the Assigned Claims and collection on the Stipulated Judgment against AFECO as provided herein, upon payment of the settlement sum called for in Paragraph 3.0 of this Agreement, the Association on behalf of itself, and to the full extent of its legal authority to bind them, on behalf of the Homeowners, release Defendants' officers, agents, employees, shareholders, principals, members, subsidiaries, affiliates, predecessors, successors, assigns, and attorneys, including Arthur F. Evans, Gabriel Grant, Jacob McKinstry, and any other past or present officer, director, employee or agent of AFECO, AFED, or SPINNAKER, with respect to any and all claims, known or unknown, fixed or contingent, which arise from, relate to or are connected in any way with the Action or the Project, including without limitation the renovation, conversion, marketing, sale and warranty of the Project, and/or that were or could have been asserted in the Action, except that this sub-paragraph (2.4.4) shall work no release as to any of the Settling Parties beyond the contingent release provisions of paragraph 2.4.3 and the release provisions of paragraph 5.

### 3.    Payment By RSUI

For and in consideration of the mutual covenants herein, RSUI shall pay to the Association on behalf of all Defendants, without differentiation as to the risks or parties being benefitted, the total sum of $1,500,000 (One Million, Five Hundred Thousand Dollars) on or before August 16, 2010. The Settling Parties acknowledge that the Association is not made whole by this payment.

### 4.    Satisfaction of Judgments To the Extent of Recovery on Assigned Claims.

Upon payment by RSUI as specified in paragraph 3 above, or immediately if said payment precedes entry of the Stipulated Judgments, the Association shall file a partial satisfaction of each of the Stipulated Judgments to the extent of $1,500,000. Upon receipt of any cash recovery from prosecution of the Assigned Claims, the Association shall satisfy the Stipulated Judgments to the extent of that cash recovery.

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 29 of 61

Regardless of the outcome of the Association's prosecution of the Assigned Claims, once the Association has ceased pursuing the Assigned Claims, the Association shall file a satisfaction of the Stipulated Judgments against AFED and SPINNAKER only.

## 5. Releases and Indemnity

### 5.1 As Between RSUI, Defendants, and Arthur F. Evans

RSUI agrees to continue to provide a defense for this Action as necessary for the A.F. Evans Defendants and the Individual Defendants without a reservation of rights up to the applicable and available limit of the Policy. RSUI will dismiss the Declaratory Relief Action it filed against the A.F. Evans Defendants and the Individual Defendants in the United States Bankruptcy Court for the Northern District of California, Case No. 09-41727 EDT, the parties to bear their own costs.

The A.F. Evans Parties and the Individual Defendants release, acquit and forever discharge RSUI (and its past and present agents, employees, predecessors, affiliates, subsidiaries, parents, attorneys, officers and directors) from any and all claims, counts, causes of action and claims for relief known and unknown, in law or equity, that the A.F. Evans Parties and the Individual Defendants now have or ever had against RSUI arising from or related to the defense of this Action. Nothing in this Agreement shall be construed, however, to release RSUI of its responsibility for any and all fees and costs associated with this Action, or any proceedings related to this Action, including those of expert witnesses and consultants. RSUI will continue to be responsible for all such fees and costs, whether previously incurred or incurred in the future, subject to the applicable and available limit of the Policy.

RSUI releases, acquits and forever discharges the A.F. Evans Parties (and their past and present agents, employees, successors, assigns, principals, predecessors, affiliates, subsidiaries, parents, attorneys, officers and directors) and the Individual Defendants from any and all claims, counts, causes of action and claims for relief, known and unknown, in law or equity, that RSUI now has or ever had against the A.F. Evans Parties or the Individual Defendants from or related to the defense of this Action (including any and all claims for reimbursements of amounts paid for settlement of the Action, and attorneys fees, costs and expenses incurred in the defense this Action).

### 5.2 As Between RSUI, and the Association, and Defendants

Upon payment of the sums provided under paragraph 3.0 above to the Association by RSUI, the Association agrees, at its sole expense, to defend, indemnify, and hold harmless RSUI and Defendants, and each of them, as well as their affiliates and parent companies, against any claim asserted by anyone which arises out of or pertains in any way to the allegations or claims asserted in this Action. The Association shall, at its sole expense, defend, indemnify and hold harmless any of the Defendants against any suit or claim filed by any insurer pertaining to issues raised in this Action, including but not limited to the Travelers Lawsuit.

Settlement Agreement - Page 8 of 12

Defendants and RSUI, for themselves, as well as for their affiliates and parent companies, agree that the law firm of Levin & Stein may defend them under this provision as to any claim or action filed by any person or entity sued pursuant to the Assigned Claims. Defendants and RSUI may, at their option and expense, designate their own counsel under this provision to associate with Levin & Stein. After full consultation with their own counsel, Defendants and RSUI waive any conflict of interest implicated by Levin & Stein's representation of them in connection with any claim or action filed by any person or entity sued pursuant to the Assigned Claims.

### 5.3    Mutual Release

Defendants and RSUI hereby release any and all claims against the Association related in any way to this Action. The Association, on its own behalf and, to the full extent of its legal authority, on behalf of the Homeowners, hereby release any and all claims against RSUI related in any way to this Action.

### 6.    Stand Down of Litigation

Immediately upon execution of this Agreement, the Settling Parties shall strike all pending motions and jointly file a Notice of Settlement Without Immediate Dismissal with the trial court in the Action. Except as contemplated by this Settlement Agreement, or as reasonably necessary to accomplish its purposes, the Settling Parties shall refrain from further litigation against one another in the Action.

### 7.    Representations and Warrantees

The Settling Parties hereby represent and warrant to the Association that each owns or possesses all claims assigned hereunder, and will own such claims upon execution of this Agreement, and has not transferred or assigned such claims to any person or entity.

The Association on behalf of itself, and to the extent of its legal authority to bind them, on behalf of the Homeowners, hereby represents and warrants that it has authority to settle and resolve any and all claims, known or unknown, fixed or contingent, which arise from, relate to or are connected in any way with the Action or the Project, including without limitation the renovation, conversion, marketing, sale and warranty of the Project, and/or that were or could have been asserted in the Action.

The Association further represents and warrants that it has and will exercise, subject to the terms of paragraph 5.2, the authority to undertake to defend, indemnify, and hold harmless RSUI and Defendants, and each of them, as well as their affiliates and parent companies, against any claim asserted by anyone which arises out of or pertains in any way to the allegations or claims asserted in this Action. The exercise of such authority, should it become warranted under the terms of paragraph 5.2, includes but it is not limited to notifying any Homeowner who asserts a claim against any Defendant or RSUI of the Association's obligation to defend, indemnify, and hold harmless the same, subject to the terms of paragraph 5.2.

### 8.    Experts.

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 31 of 61

Upon execution of this Agreement Defendants shall grant the Association full access to, and the opportunity to retain, at the Association's expense, any and all consultants and experts retained by Defendants. The Settling Parties further agree that each party shall bear the costs associated with the expert witnesses and consultants it retained in this Action, including costs associated with depositions conducted by other parties.

9. **Governing Law.** The Settling Parties agree that this Agreement and all rights assigned hereunder shall be governed for all purposes by the laws of the State of Washington. Upon any action to enforce the terms of this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, costs and expenses.

10. **Entire Agreement.** This Agreement and its Appendices constitute the entire agreement of the Settling Parties. It may not be modified or amended orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, modification, amendment, extension or discharge is sought.

11. **Joint Effort.** Preparation of this Agreement has been a joint effort of the Settling Parties, and the resulting document shall not be construed more severely against one of the Settling Parties than against the other.

12. **Free and Voluntary Agreement.** The Settling Parties hereto acknowledge that each has been fully advised by legal counsel concerning the language and legal effect of this Agreement, and knowingly enters into this Agreement freely, voluntarily and without coercion of any kind.

13. **Binding Effect and Integration.** This Agreement shall be binding upon and shall inure to the benefit of the Settling Parties hereto, and except as specifically noted hereinbefore, to their respective legal representatives, successors or assigns. Except as specifically stated herein, this Agreement shall supersede any past agreements or obligations amongst the Settling Parties to this Agreement.

14. **Time is of the Essence and Facilitation.** The Settling Parties acknowledge that time is of the essence in executing this Agreement, and each party hereto shall promptly execute and deliver any such further instruments and/or take any such further action necessary to effectuate the intent of this Agreement.

15. **Counterparts/Authority to Execute.** This Agreement may be executed in counterparts. Fax signatures are acceptable, with the original signature page to be provided as soon as reasonably possible. Each signatory hereto warrants that he/she has full authority to execute this Agreement on behalf of the entity for whom he/she is signing.

16. **Cooperation.** The Settling Parties to this Agreement agree to provide reasonable cooperation in all matters and to all tasks and endeavors necessary to carry out or realize the terms of this Agreement, and specifically with respect to prosecuting the Assigned Claims.

Case: 09-41727     Doc# 580     Filed: 01/25/11     Entered: 01/25/11 11:40:18     Page 32 of 61

**17.     Severability.**  In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

THE ESPLANADE CONDOMINIUM ASSOCIATION

By:_____

Its:_____


A.F. EVANS COMPANY, INC.

By:_____

Its:_____


A.F. EVANS DEVELOPMENT, INC.

By:_____

Its:_____


A.F.E. SPINNAKER, LLC

By:_____

Its:_____


RICHARD BELL

By:_____

His:_____


VICTORIA LAUGHLIN-TAYLOR

By:_____

Her:_____


Settlement Agreement - Page 11 of 12

JOHN ROBERTSON

By:_____

His:_____


RSUI INDEMNITY COMPANY

By:_____

Its:_____

1881-026 wg221301 7/22/10

# APPENDIX A

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

THE ESPLANADE CONDOMINIUM
ASSOCIATION, a Washington non-profit
corporation,

                                Plaintiff,

    v.

AFE SPINNAKER, LLC a dissolved Washington
limited liability company; A.F. EVANS
COMPANY, INC., a California corporation; A.F.
EVANS DEVELOPMENT, INC., a California
corporation; DOE DECLARANT AFFILIATES
1-20; DOE PRINCIPALS 1-10; DOE
DECLARANT AGENTS 1-5; DOE SALES
AGENTS 1-10; RICHARD BELL and JANE
DOE BELL, husband and wife, and their marital
community; JOHN J. ROBERTSON and JANE
DOE ROBERTSON husband and wife, and their
marital community; TORY LAUGHLIN-
TAYLOR and JOHN DOE LAUGHLIN-
TAYLOR, wife and husband, and their marital
community; DOE DECLARANT BOARD
MEMBERS 1-10; DOE CONTRACTORS 1-20,
                         Defendants.

NO. 08-2-41943-6 SEA

**STIPULATED JUDGMENT AGAINST**

**A.F. EVANS COMPANY, INC.**

23

24

25

### JUDGMENT SUMMARY

1.    Judgment Creditor:    The Esplanade Condominium Association

2.    Judgment Debtors:    A.F. Evans Company, Inc.

3.    Principal Amount:    $TBD (See Settlement Agreement)

JUDGMENT - 1

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

4.   Interest to date of Judgment:     -0-

5.   Interest rate after Judgment:     12 percent

6.   Reasonable costs:     Included in principal judgment amount

7.   Attorneys fees:     Included in principal judgment amount

8.   Total Judgment:     $TBD

9.   Attorneys for judgment creditor:     Jerry Stein,
                                          Leonard Flanagan, and
                                          Daniel Houser of
                                          Levin & Stein

10.  Judgment creditor address:     The Esplanade Condominium Association
                                    c/o Levin & Stein
                                    201 Queen Anne Ave. North #400
                                    Seattle, WA 98109

11.  Attorneys for judgment debtor:     Michael Helgren
                                        Avi Lipman
                                        McNaul Ebel Nawrot & Helgren
                                        600 University Street, Suite 2700
                                        Seattle, WA 98101

                                        Douglas Wiegel
                                        Robert Johnson
                                        Floyd Pflueger & Ringer
                                        2505 Third Ave., Suite 300
                                        Seattle, WA 98121

12.  Judgment debtor address:     A.F. Evans Company, Inc.
                                  c/o McNaul Ebel Nawrot & Helgren
                                  600 University Street, Suite 2700
                                  Seattle, WA 98101

//

//

JUDGMENT - 2

The undersigned parties stipulate to the entry of this Judgment without Further Notice.

LEVIN & STEIN


By: _____
Leonard Flanagan, WSBA 20966
Daniel Houser, WSBA 32327
Attorneys for Plaintiff

McNAUL EBEL NAWROT & HELGREN


By: _____
Avi Lipman, WSBA 37661
Attorneys for Defendant
A.F. Evans Company, Inc.

FLOYD, PFLUEGER & RINGER, PS


By: _____
Douglas K. Weigel, WSBA 27192
Attorneys for Defendant
A.F. Evans Company, Inc.


This matter having come before the undersigned Judge of the above-entitled court, upon

the Stipulation of the Plaintiff and Defendant A.F. Evans Company, Inc., now, therefore,

JUDGMENT is hereby GRANTED in favor of the judgment creditor, Plaintiff The

Esplanade Condominium Association and against Defendant A.F. Evans Company, Inc. in the

total sum of $_____TBD_____ , as described above.

DONE IN OPEN COURT this _____ day of _____, 2010


_____
Honorable Steven C. Gonzalez


JUDGMENT - 3

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

Presented By:
1  LEVIN & STEIN

2

3  By: _____
       Leonard Flanagan, WSBA 20966
4      Daniel S. Houser, WSBA 32327
       Attorneys for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JUDGMENT – 4

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660   FAX 206.286.2660

1881-026 wg211309 7/22/10

# APPENDIX B

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| THE ESPLANADE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation, | NO. 08-2-41943-6 SEA |
| Plaintiff, | **STIPULATED JUDGMENT AGAINST** |
| v. | **A.F. EVANS DEVELOPMENT, INC.** |
| AFE SPINNAKER, LLC a dissolved Washington limited liability company; A.F. EVANS COMPANY, INC., a California corporation; A.F. EVANS DEVELOPMENT, INC., a California corporation; DOE DECLARANT AFFILIATES 1-20; DOE PRINCIPALS 1-10; DOE DECLARANT AGENTS 1-5; DOE SALES AGENTS 1-10; RICHARD BELL and JANE DOE BELL, husband and wife, and their marital community; JOHN J. ROBERTSON and JANE DOE ROBERTSON husband and wife, and their marital community; TORY LAUGHLIN-TAYLOR and JOHN DOE LAUGHLIN-TAYLOR, wife and husband, and their marital community; DOE DECLARANT BOARD MEMBERS 1-10; DOE CONTRACTORS 1-20, Defendants. | |

## JUDGMENT SUMMARY

1.    Judgment Creditor:    The Esplanade Condominium Association

2.    Judgment Debtors:    A.F. Evans Development, Inc.

3.    Principal Amount:    $TBD (See Settlement Agreement)

JUDGMENT - 1

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660   FAX 206.286.2660

4.   Interest to date of Judgment:   -0-

5.   Interest rate after Judgment:   12 percent

6.   Reasonable costs:   Included in principal judgment amount

7.   Attorneys fees:   Included in principal judgment amount

8.   Total Judgment:   $TBD

9.   Attorneys for judgment creditor:   Jerry Stein,
                                        Leonard Flanagan, and
                                        Daniel Houser of
                                        Levin & Stein

10.  Judgment creditor address:   The Esplanade Condominium Association
                                  c/o Levin & Stein
                                  201 Queen Anne Ave. North #400
                                  Seattle, WA 98109

11.  Attorneys for judgment debtor:   Michael Helgren
                                      Avi Lipman
                                      McNaul Ebel Nawrot & Helgren
                                      600 University Street, Suite 2700
                                      Seattle, WA 98101

12.  Judgment debtor address:   A.F. Evans Development, Inc.
                                c/o McNaul Ebel Nawrot & Helgren
                                600 University Street, Suite 2700
                                Seattle, WA 98101

The undersigned parties stipulate to the entry of this Judgment without Further Notice.

LEVIN & STEIN

By: _____
Leonard Flanagan, WSBA 20966
Daniel Houser, WSBA 32327
Attorneys for Plaintiff

JUDGMENT - 2

MᶜNAUL EBEL NAWROT & HELGREN

By: _____
Avi Lipman, WSBA 37661
Attorneys for Defendant
A.F. Evans Development, Inc.

This matter having come before the undersigned Judge of the above-entitled court, upon the Stipulation of the Plaintiff and Defendant A.F. Evans Development, Inc., now, therefore,

JUDGMENT is hereby GRANTED in favor of the judgment creditor, Plaintiff The Esplanade Condominium Association and against Defendant A.F. Evans Development, Inc. in the total sum of $_____TBD_____ , as described above.

DONE IN OPEN COURT this _____ day of _____, 2010

_____
Honorable Steven C. Gonzalez

Presented By:
LEVIN & STEIN

By: _____
Leonard Flanagan, WSBA 20966
Daniel S. Houser, WSBA 32327
Attorneys for Plaintiffs

JUDGMENT - 3

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2650

# APPENDIX C

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

THE ESPLANADE CONDOMINIUM
ASSOCIATION, a Washington non-profit
corporation,

                      Plaintiff,

v.

AFE SPINNAKER, LLC a dissolved Washington
limited liability company; A.F. EVANS
COMPANY, INC., a California corporation; A.F.
EVANS DEVELOPMENT, INC., a California
corporation; DOE DECLARANT AFFILIATES
1-20; DOE PRINCIPALS 1-10; DOE
DECLARANT AGENTS 1-5; DOE SALES
AGENTS 1-10; RICHARD BELL and JANE
DOE BELL, husband and wife, and their marital
community; JOHN J. ROBERTSON and JANE
DOE ROBERTSON husband and wife, and their
marital community; TORY LAUGHLIN-
TAYLOR and JOHN DOE LAUGHLIN-
TAYLOR, wife and husband, and their marital
community; DOE DECLARANT BOARD
MEMBERS 1-10; DOE CONTRACTORS 1-20,
                  Defendants.

NO. 08-2-41943-6 SEA

**STIPULATED JUDGMENT AGAINST**

**AFE SPINNAKER, LLC**

### JUDGMENT SUMMARY

1:     Judgment Creditor:     The Esplanade Condominium Association

2.     Judgment Debtors:     AFE Spinnaker, LLC

3.     Principal Amount:     $TBD (See Settlement Agreement)

JUDGMENT - 1

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

4.     Interest to date of Judgment:    -0-

5.     Interest rate after Judgment:    12 percent

6.     Reasonable costs:     Included in principal judgment amount

7.     Attorneys fees:     Included in principal judgment amount

8.     Total Judgment:     $TBD

9.     Attorneys for judgment creditor:     Jerry Stein,
    Leonard Flanagan, and
    Daniel Houser of
    Levin & Stein

10.    Judgment creditor address:     The Esplanade Condominium Association
    c/o Levin & Stein
    201 Queen Anne Ave. North #400
    Seattle, WA 98109

11.    Attorneys for judgment debtor:     Michaelanne Ehrenberg
    Celeste Monroe
    Karr Tuttle Campbell
    1201 3rd Ave., Suite 2900
    Seattle, WA 98101

    Douglas Wiegel
    Robert Johnson
    Floyd Pflueger & Ringer
    2505 Third Ave., Suite 300
    Seattle, WA 98121

12.    Judgment debtor address:     AFE Spinnaker, LLC
    c/o Karr Tuttle Campbell
    1201 3rd Ave., Suite 2900
    Seattle, WA 98101

/

//

///

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660   FAX 206.286.2660

The undersigned parties stipulate to the entry of this Judgment without Further Notice.

LEVIN & STEIN

By: _____
Leonard Flanagan, WSBA 20966
Daniel Houser, WSBA 32327
Attorneys for Plaintiff


KARR TUTTLE CAMPBELL

By: _____
Michaelanne Ehrenberg, WSBA 25615
Attorneys for Defendant
AFE Spinnaker, LLC


FLOYD, PFLUEGER & RINGER, PS

By:_____
Douglas K. Weigel, WSBA 27192
Attorneys for Defendant AFE Spinnaker, LLC


This matter having come before the undersigned Judge of the above-entitled court, upon the Stipulation of the Plaintiff and Defendant AFE Spinnaker, LLC, now, therefore,

JUDGMENT is hereby GRANTED in favor of the judgment creditor, Plaintiff The Esplanade Condominium Association and against Defendant AFE Spinnaker, LLC in the total sum of $_____TBD_____ , as described above.

DONE IN OPEN COURT this _____ day of _____, 2010

_____
Honorable Steven C. Gonzalez

JUDGMENT - 3

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.9660  FAX 206.286.2660

1    Presented By:
2    LEVIN & STEIN

3    By: _____
4       Leonard Flanagan, WSBA 20966
5       Daniel S. Houser, WSBA 32327
       Attorneys for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JUDGMENT - 4

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

17. **Severability.** In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

THE ESPLANADE CONDOMINIUM ASSOCIATION

By:_____

Its:_____


A.F. EVANS COMPANY, INC.

By:_____

Its: _EXECUTIVE VICE PRESIDENT_


A.F. EVANS DEVELOPMENT, INC.

By:_____

Its: _SENIOR VICE PRESIDENT_


A.F.E. SPINNAKER, LLC   BY: A.F. EVANS DEVELOPMENT, MANAGER

By:_____

Its: _MANAGER_


RICHARD BELL

By:_____

His:_____


VICTORIA LAUGHLIN-TAYLOR

By: _____

Her:_____


Settlement Agreement - Page 11 of 12

17. **Severability.** In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

THE ESPLANADE CONDOMINIUM ASSOCIATION

By: _____

Its: _____


A.F. EVANS COMPANY, INC.

By: _____

Its: _____


A.F. EVANS DEVELOPMENT, INC.

By: _____

Its: _____


A.F.E. SPINNAKER, LLC

By: _____

Its: _____


RICHARD BELL

By: _____

His: _____


VICTORIA LAUGHLIN-TAYLOR

By: _V. Laughlin Taylor_____

Her: _____


Settlement Agreement - Page 11 of 12

JOHN ROBERTSON

By:_____

His:_____


RSUI INDEMNITY COMPANY

By: _____

Its: _VICE PRESIDENT_

1881-026 wg221301 7/22/10

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 51 of 61

17.    **Severability.**  In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

THE ESPLANADE CONDOMINIUM ASSOCIATION

By: *[signature]*

Its: *President*


A.F. EVANS COMPANY, INC.

By: _____

Its: _____


A.F. EVANS DEVELOPMENT, INC.

By: _____

Its: _____


A.F.E. SPINNAKER, LLC

By: _____

Its: _____


RICHARD BELL

By: _____

His: _____


VICTORIA LAUGHLIN-TAYLOR

By: _____

Her: _____


Settlement Agreement - Page 11 of 12

# Exhibit 3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

THE ESPLANADE CONDOMINIUM
ASSOCIATION, a Washington non-profit
corporation,

                Plaintiff,

     v.

AFE SPINNAKER, LLC a dissolved Washington
limited liability company; A.F. EVANS
COMPANY, INC., a California corporation; A.F.
EVANS DEVELOPMENT, INC., a California
corporation; DOE DECLARANT AFFILIATES
1-20; DOE PRINCIPALS 1-10; DOE
DECLARANT AGENTS 1-5; DOE SALES
AGENTS 1-10; RICHARD BELL and JANE
DOE BELL, husband and wife, and their marital
community; JOHN J. ROBERTSON and JANE
DOE ROBERTSON husband and wife, and their
marital community; TORY LAUGHLIN-
TAYLOR and JOHN DOE LAUGHLIN-
TAYLOR, wife and husband, and their marital
community; DOE DECLARANT BOARD
MEMBERS 1-10; DOE CONTRACTORS 1-20,

                Defendants.

NO.   08-2-41943-6 SEA

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUPPLEMENTAL
JUDGMENT REGARDING CPA
PENALTIES AND ATTORNEYS' FEES

[PROPOSED]

This matter came on for hearing on Plaintiff's Motion For Supplemental Judgment

Regarding CPA Penalties And Attorneys' Fees.  The court has considered:

1.  Plaintiff's Motion For Supplemental Judgment Regarding CPA Penalties And Attorneys'

Fees;

**ORIGINAL**

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUPPLEMENTAL JUDGMENT REGARDING CPA
PENALTIES AND ATTORNEYS' FEES - 1

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

2. Declaration Of Leonard Flanagan In Support of Plaintiff's Motion For Entry Of Supplemental Judgment For CPA Penalties And Attorney Fees;

3. Defendants AFE Spinnaker and AFECO's Opposition to Motion for Entry of Supplemental Judgment;

4. Declaration Of Doug Weigel In Support of Defendants AFE Spinnaker and AFECO's Opposition to Motion for Entry of Supplemental Judgment;

5. Defendant AF Evans Development Inc's Joinder in Defendants AFE Spinnaker and AFECO's Opposition to Motion for Entry of Supplemental Judgment;

6. Declaration Of Leonard Flanagan In Reply To Opposition To Motion For Entry Of Supplemental Judgment For CPA Penalties And Attorney Fees;

7. Declaration Of Daniel S. Houser In Reply To Opposition To Motion For Entry Of Supplemental Judgment For CPA Penalties And Attorney Fees; and

8. _____

9. _____

10. _____

11. _____

The court also reviewed the records and files herein.

Being fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion is hereby GRANTED as follows:

1.        Consumer Protection Act ("CPA") penalties.

The Court previously entered a default judgment regarding AFE Spinnaker LLC's ("Spinnaker") liability for CPA violations. The Court now determines that Spinnaker violated the CPA each time a unit was sold based upon the deceptive statements in, and

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUPPLEMENTAL JUDGMENT REGARDING CPA
PENALTIES AND ATTORNEYS' FEES - 2

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 55 of
61

omissions from, the public offering statement ("POS"). The Association has standing to pursue CPA claims on behalf of the unit purchasers. The Association is entitled to recover a CPA penalty based on sales to each of the 145 current unit owners who purchased directly from Spinnaker. The Court finds that a penalty of $1,000 is appropriate for each CPA violation. Thus, the supplemental judgment amount for CPA penalties shall be $145,000.

        2.          Attorneys' fees.

This is an appropriate case for an award of reasonable attorneys' fees against Spinnaker to the prevailing party—the Association—pursuant to RCW 64.34.455. The Association also has standing and is entitled to recover a reasonable attorneys' fee on behalf of unit purchasers who were injured as a result of Spinnaker's CPA violations. RCW 19.86.090. Using the lodestar method the Court hereby awards reasonable attorneys' fee under both RCW 64.34.455 and RCW 19.86.090 of $514,417.75. The Association's attorneys spent 1,336 hours in successfully prosecuting this case through May 28, 2010, the date when the Court entered default judgment against Spinnaker. The number of hours (1336) spent by the Association's attorneys was reasonable, and the hours were reasonably necessary for the successful prosecution of the case through default judgment. The rate of $275 per hour set forth in the fee agreement between the Association and its attorneys was also reasonable. Given the contingent risk and other risks faced by the Association's attorneys, a multiplier of 1.4 is reasonable as to all 1,336 hours. Accordingly, a total fee award of $514,417.75 is reasonable: (1,336 hours times $275 per hour times the multiplier of 1.4). Thus, the supplemental judgment amount for prevailing party attorney fees shall be $514,417.75.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUPPLEMENTAL JUDGMENT REGARDING CPA
PENALTIES AND ATTORNEYS' FEES - 3

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

Case: 09-41727    Doc# 580    Filed: 01/25/11    Entered: 01/25/11 11:40:18    Page 56 of 61

The Court did not consider or rule upon the question of whether the Association may or

may not be entitled to any fee award for any hours billed by the Association's attorneys after

May 28, 2010.

DATED this 3rd day of August, 2010.

_____
Judge Steven C. Gonzalez

Presented by:

LEVIN & STEIN

By _____
Leonard Flanagan, WSBA No. 20966
Justin Sudweeks, WSBA No. 28755
Daniel S. Houser, WSBA No. 32327
Attorneys for Plaintiff

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUPPLEMENTAL JUDGMENT REGARDING CPA
PENALTIES AND ATTORNEYS' FEES - 4

LEVIN & STEIN
201 QUEEN ANNE AVENUE NORTH, SUITE 400
SEATTLE, WA 98109
PHONE 206.388.0660  FAX 206.286.2660

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa for County of Orange of the State of California. I am over the age of 18 and am not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On January 24, 2011, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **MOTION FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF MARIE CIECHANOWKSI IN SUPPORT THEREOF**

SERVED UPON: **SEE ATTACHED SERVICE LIST**

☒ (BY MAIL) I verify that each such envelope, with postage thereon fully prepaid, has been or will be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the Law Offices of Bohm, Matsen, Kegel, & Aguilera LLP, for collection and processing of correspondence and/or documents for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL SERVICE) I verify that the above-referenced document(s) have been or will be personally delivered on November 3, 2010 to the recipients listed below.

☐ (BY OVERNIGHT DELIVERY) I am readily familiar with the practice of the Law Offices of Bohm Matsen, Kegel & Aguilera, LLP, for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by Overnight Express for overnight delivery.

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐ (BY ELECTRONIC MAIL) The above-referenced document was transmitted via electronic service and the transmission was reported as complete and without error. Pursuant to C.R.C. 2.260, I verify that the documents have been electronically transmitted from my registered email address provided by my employer, Bohm, Matsen, Kegel & Aguilera, LLP, and was sent on November 3, 2010.

☒ (BY ELECTRONIC FILING WITH THE U.S. DISTRICT COURT) I certify that on November 3, 2010, I electronically transmitted the attached document to the United States District Court and/or the US District Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants/recipients as listed below on the attached Service List.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 24, 2011, at Costa Mesa, California.

Don Shaw

1
PROOF OF SERVICE

*In Re:  A.F. Evans Company, Inc.*
## Case No.: 04-41727-EDJ 11
**United States Bankruptcy Court - Northern District of California**
**(OAKLAND DIVISION)**

**Electronic Copies to:**

- **Robert A. Abrams**    rabrams@katskykorins.com
- **William E. Adams**    merickson@fablaw.com
- **Bernard D. Bollinger**    bbollinger@buchalter.com; smartin@buchalter.com
- **John P. Christian**    jchristian@tobinlaw.com; gbroome@tobinlaw.com
- **Christina M. Craige**    ccraige@sidley.com; jkobayas@sidley.com
- **Kathryn S. Diemer**    kdiemer@diemerwhitman.com
- **Leonard Flanagan**    leonard@condodefects.com; mariah@condodefects.com
- **Gina M. Fornario**    gfornario@nixonpeabody.com; klove@nixonpeabody.com
- **Robert S. Gebhard**    robert.gebhard@sdma.com
- **Bernard R. Given**    bgiven@frandzel.com; efiling@frandzel.com
- **Carl L. Grumer**    cgrumer@manatt.com
- **Amy L. Hespenheide**    ahespenheide@sflaw.com
- **Mark V. Isola**    misola@rehonroberts.com
- **Robert E. Izmirian**    rizmirian@buchalter.com
- **George H. Kalikman**    gkalikman@schnader.com
- **Robert B. Kaplan**    rbk@jmbm.com
- **Lynette C. Kelly**    lynette.c.kelly@usdoj.gov
- **Thomas F. Koegel**    tkoegel@crowell.com
- **Jeffrey A. Krieger**    jkrieger@ggfirm.com
- **Chris D. Kuhner**    c.kuhner@kornfieldlaw.com
- **Catherine M. Lee**    C.Lee@MPGLAW.com
- **Maxim B. Litvak**    mlitvak@pszjlaw.com; pjeffries@pszyjw.com
- **William F. McLaughlin**    mcl551@aol.com
- **Randy Michelson**    randy.michelson@michelsonlawgroup.com
- **Zachary Mosner**    bcumosner@atg.wa.gov
- **Austin P. Nagel**    melissa@apnagellaw.com
- **Howard S. Nevins**    hnevins@hsmlaw.com; lsamosa@hsmlaw.com
- **Eric A. Nyberg**    e.nyberg@kornfieldlaw.com
- **Office of the U.S. Trustee/Oak**    USTPRegion17.OA.ECF@usdoj.gov; ltroxas@hotmail.com
- **Joseph Orzano**    JOrzano@Schnader.com
- **Frank T. Pepler**    fpepler@peplermastromonaco.com
- **Steven G.F. Polard**    spolard@perkinscoie.com
- **Alan E. Ramos**    aramos@lawnrs.com

- **Catherine Schlomann Robertson** crobertson@pahl-mccay.com; tmeek@pahl-mccay.com
- **Richard A. Rogan** rrogan@jmbm.com; jb8@jmbm.com; to1@jmbm.com
- **Randy R. Rogers** rrogers@winston.com
- **Stephanie M. Seidl** sseidl@sheppardmullin.com
- **Pamela E. Singer** psinger@pszyjw.com; ksuk@pszyjw.com; azaragoza@pszyjw.com
- **Michael St. James** ecf@stjames-law.com
- **James A. Tiemstra** jat@tiemlaw.com; sml@tiemlaw.com
- **Todd C. Toral** ttoral@nixonpeabody.com; jzic@nixonpeabody.com; sf.managing.clerk@nixonpeabody.com
- **Edward Tredinnick** etredinnick@grmslaw.com
- **Jeffrey D. Trowbridge** jdt3656@sbcglobal.net
- **Philip S. Warden** philip.warden@pillsburylaw.com
- **Howard J. Weg** hweg@pwkllp.com
- **Chad A. Westfall** c.westfall@mpglaw.com
- **Thomas A. Willoughby** TWilloughby@ffwplaw.com; lnmccleerey@ffwplaw.com; kwidder@ffwplaw.com

**Kelly A. Woodruff** kwoodruff@fbm.com; calendar@fbm.com

**United States Parcel Post Service to:**

| | |
|---|---|
| **achecki, Crom & Co., LLP CPA'S**<br>180 Montgomery St. Ste. 2340<br>San Francisco, CA 94104-4203 | **Robert M. Bone**<br>Law Offices of Robert M. Bone<br>37 Old Courthouse Sq. #200<br>Santa Rosa, CA 95404 |
| **Alan M. Feld**<br>Manatt, Phelps and Phillips<br>11355 W Olympic Blvd.<br>Los Angeles, CA 90064-1614 | **Hudson Housing Capital, LLC**<br>c/o Howard J. Weg<br>Peitzman, Weg & Kempisky LLP<br>10100 Santa Monica Blvd. #1450<br>Los Angeles, CA 90067 |
| **Kawamoto, Weil and Company**<br>150 E. Campbell Ave., Suite 201<br>Campbell, CA 95008 | **Mark P. Levy**<br>Levy, Levy and Levy<br>900 Larkspur Landing Circle #275<br>Larkspur, CA 94939 |
| **Margaret M. Mann**<br>Sheppard Mullin Richter and Hampton<br>501 West Broadway 19th Fl<br>San Diego, CA 92101 | **Matthew D. Maser**<br>Koley Jessen P.C. LLO<br>One Pacific Pl. #800<br>1125 S 103rd St.<br>Omaha, NE 68124-1079 |

| | |
|---|---|
| **Miles & Westbrook**<br>1407 Oakland Blvd., STE 107<br>Walnut Creek, CA 94596 | **Cheryl A. Orr**<br>Musick Peeler and Garrett LLP<br>One Wilshire Blvd. #2000<br>Los Angeles, CA 90017 |
| **Robert R. Riggs**<br>Law offices of Katzoff and Riggs<br>1500 Park Ave, STE 300<br>Emeryville, CA 94608 | **Monali S. Sheth**<br>Farella Braun and Martel LLP<br>235 Montgomery St. 18th Fl<br>San Francisco, CA 94104 |
| **Donald L. Swanson**<br>Koley Jessen P.C. LLO<br>One Pacific Pl. #800<br>1125 S 103rd St.<br>Omaha, NE 68124-1079 | **TW Telecom, Inc.**<br>10475 Park Meadows Drive #400<br>Littleton, CO 80124 |
| **David A. Tartaglio**<br>Musick Peeler and Garrett LLP<br>One Wilshire Blvd. #2000<br>Los Angeles, CA 90017 | |

4

PROOF OF SERVICE